■ Po Yee So et al., Appellants, et al., Plaintiffs, v WING TAT REALTY, INC., et al., Respondents, et al., Defendant. [687 NYS2d 99] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered January 12, 1998, to the extent that it reduced four items of a jury's award of damages in this joint personal injury action, unanimously modified, on the law, the reductions in award for past pain, suffering and disability to Yet Leong Yip and Po Yee So, and for future pain and suffering to Po Yee So, vacated, the jury verdicts on those awards reinstated, and otherwise affirmed, without costs.

Plaintiffs were injured when the elevator in which they were riding fell three floors to the ground level. Plaintiff Yet Leong Yip was the operator of the elevator, and plaintiffs Po Yee So and Hung Sai Chan were passengers.

As pertinent to this appeal, the jury awarded Mr. Yip, who was 67 years old at the time of the accident, $215,000 for past pain, suffering and disability, and $60,000 for future pain and suffering. Twenty-five-year-old Ms. So was awarded $400,000 for past pain, suffering and disability, and $200,000 for future pain and suffering. Thirty-nine-year-old Mr. Chan was awarded $75,000 for past pain, suffering and disability. On a motion to set aside the verdict, the Trial Judge ordered a new trial on damages unless Mr. Yip, Ms. So and Mr. Chan accepted reduced awards for past pain, suffering and disability in the amounts of $150,000, $250,000 and $45,000, respectively, and Ms. So also accepted a reduced award for future pain and suffering of $150,000.

Mr. Yip, previously a man in good health, suffered a compression fracture of his spine, causing him a great deal of pain which has merely intensified since the accident. He cannot do any simple exercise that involves walking, nor can he sit or stand for any length of time without pain. The debilitation is so intense that he requires help simply in moving about the house, to say nothing of bathing and attending to his hygienic needs.

Ms. Po suffered a multiple fracture of her ankle and a torn ligament, and was hospitalized for ten days after the accident. She underwent open reduction surgery on her ankle and sur-

rounding area, which necessitated the insertion of a metal plate. Upon release from the hospital, she had to return to Hong Kong, where her family could care for her during the next 10 months of rehabilitation. Even after removal of the metal plate, she remained on crutches for two years after the accident. Giving her a "guarded" prognosis, and fearing the onset of degenerative arthritis, her physician prescribed rigorous physical therapy. After three years of such therapy, she reached a plateau, but remained in great pain. Six years after the accident, she returned to work, out of necessity for supporting her family.

Ms. So's prognosis has not improved. Her physician concluded that she has developed traumatic arthritis, and that her condition is "permanent." She experiences great and almost constant pain. She is unable to bear more than moderate weights, and this has restricted her ability to be a complete parent for her child.

Under these circumstances, it was improvident for the Trial Judge to have overruled the jury's verdict with regard to past pain, suffering and disability for plaintiffs Yip and So, and future pain and suffering for plaintiff So. Those jury awards should be reinstated.

By contrast, the 40% reduction in the award to Mr. Chan for past pain, suffering and disability was appropriate. This plaintiff suffered only a sprained ankle, and was released from the hospital a few hours after the accident, wrapped in an Ace bandage. He was able to return to work, albeit not in his accustomed role as a truck driver and deliveryman. As late as 1993, plaintiff Chan had no complaints that medical examiners could connect with the injury; to the contrary, medical records indicate the possible existence of an unrelated condition of gout or rheumatoid arthritis as the source of his discomfort.

Although possessing the power to set aside an excessive jury verdict, a trial court should nonetheless be wary of substituting its judgment for that of a panel of fact finders whose peculiar function is the fixation of damages. Modification of damages, which is a speculative endeavor, cannot be based upon case precedent alone, because comparison of injuries in different cases is virtually impossible. The verdict with respect to the injuries suffered by plaintiffs Yet Leong Yip and Po Yee So was fully supported by the record. Only those awards should be reinstated. Concur—Ellerin, P. J., Sullivan, Williams and Wallach, JJ.