■ STEVEN PERRY et al., Appellants, v MANOCO CORP., Respondent, et al., Defendant. (And a Third-Party Action.) [766 NYS2d 422] —Order, Supreme Court, New York County (Carol Huff, J.), entered January 18, 2002, which denied plaintiff's motion pursuant to CPLR 4404 to set aside the verdict as inadequate and granted defendant's cross motion for costs and attorneys' fees, unanimously modified, on the law, the facts and in the exercise of discretion, to reduce the lump sum amount awarded from $2,000 to $1,200, plus $628, the fee for expediting the production of the transcript, and otherwise affirmed, without costs.

The trial evidence disclosing that plaintiff had sustained a back injury some two years prior to the injuries for which he sought to recover in this action, and, indeed, that he was, at the time of the accident giving rise to this action, still being treated for the prior injury, permitted the jury fairly to conclude that plaintiff's claimed damages were in substantial measure not attributable to the accident upon which this suit is premised and, accordingly, to reach the verdict it did (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *and see So v Wing Tat Realty*, 259 AD2d 373 [1999]). We note that the jury, in reaching this conclusion, was also aware that plaintiff never disclosed this prior injury to certain of the examining physicians who testified.

We modify only to reduce the award of costs for frivolous conduct. Because CPLR 4406 expressly permits parties, even after the denial of an oral motion for relief from a jury verdict,

to move on papers for the same relief, as plaintiff did, and plaintiff's motion, although correctly denied, was not utterly without legal or factual basis, plaintiff should not have been assessed defendant's legal costs in responding to the motion itself. Costs were, however, properly awarded against plaintiff's counsel for their unexplained refusal to consent to an adjournment of the motion in order to permit defendant's counsel to obtain the trial transcript. Inasmuch as this extraordinary discourtesy was evidently motivated simply by the desire to harass opposing counsel (see 22 NYCRR 130-1.1 [c] [2]) and necessitated two adjournment applications and the procurement by defense counsel of an expedited transcript, plaintiff's counsel were properly assessed the costs of the adjournment applications, i.e., $1,200, and the expense of expediting the trial transcript.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.