JENNIFER ROSARIO et al., Respondents, v JAMES CARASSONE et al., Appellants. [773 NYS2d 538]—

Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), entered February 10, 2003, after a jury trial, awarding plaintiff prestructured damages in the principal amounts of $200,000 for past pain and suffering, $300,000 for future pain and suffering and $60,000 for future medical expenses, unanimously affirmed, without costs.

The trial court properly precluded defendants from impeaching plaintiff's mother's testimony with hearsay statements contained in her deposition testimony. The question put to the mother at trial was whether plaintiff had suffered a previous injury to her foot when she fell in school a few weeks before her fall on defendants' premises. The mother answered that her daughter "said that it hurt but nothing specific." This answer was consistent with the mother's direct testimony that the school injury did not hurt a lot and caused no observable bruising or swelling, and was not necessarily inconsistent with the mother's deposition testimony that she was told by a doctor that an x-ray taken after the instant accident showed that plaintiff had previously broken a different bone in the same foot. Under the circumstances, the deposition testimony, all hearsay, too closely impinged on the issue of causation to warrant its use for impeachment purposes (*see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]). We note that the trial court told defendants that they could bring in the x-ray and a radiologist, if so advised.

The damage awards do not materially deviate from what is reasonable compensation under the circumstances (CPLR 5501 [c]). Plaintiff, who was 11 years of age at the time of the accident in 1994, sustained a fracture of the left distal tibia and an avulsion fracture of the left fifth metatarsal, with resulting atrophy in the left calf muscle and worsening crepitus and instability in the ankle. Plaintiff will require multiple surgeries to her left ankle, as well as a bone graft and/or insertion of a screw in her left foot in order to unite the fracture of the metatarsal, and will likely continue to suffer some pain and limitation even if such procedures are successful (*cf. Po Yee So v Wing Tat Realty*, 259 AD2d 373, 374 [1999]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Saxe and Marlow, JJ.