■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUSTICE WARING, Appellant. [3 NYS3d 606]—Judgments, Supreme Court, Bronx County (Troy K. Webber, J.), rendered on September 26, 2012, convicting defendant, upon his pleas of guilty, of robbery in the third degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

Although we do not find that defendant made a valid waiver of the right to appeal, we perceive no basis for reducing the sentence.

Defendant's challenge to imposition of the mandatory surcharge is premature; it should be raised in the sentencing court by a motion for resentencing at the end of defendant's incarceration, and not on direct appeal (*People v Bradley*, 249 AD2d 103 [1st Dept 1998], *lv denied* 92 NY2d 923 [1998]). Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.

■ ROBERTO SANTO-PEREZ, Appellant, v ENTERPRISE LEASING COMPANY et al., Defendants, and ANTHONY A. HILL, Respondent. [3 NYS3d 607]—Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about November 19, 2013, which granted defendant Anthony A. Hill's motion for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion denied.

While the fact that plaintiff was crossing the street on foot outside of the crosswalk, in violation of Vehicle and Traffic Law § 1152 (a), is evidence of negligence on his part, the record presents a triable issue of fact whether defendant Hill, operating a vehicle, contributed to the accident by failing to exercise due care to avoid a collision with plaintiff. Indeed, Hill testified that he saw plaintiff before the collision and had time to activate his horn and move his vehicle to the double line before reducing his speed by half (*see* Vehicle and Traffic Law § 1146; *Ryan v Budget Rent a Car*, 37 AD3d 698 [2d Dept 2007]). Concur—Gonzalez, P.J., Acosta, Moskowitz, Richter and Feinman, JJ.