Leathers v Approved Oil Co. of Brooklyn, Inc. (2023 NY Slip Op 00180)

Leathers v Approved Oil Co. of Brooklyn, Inc.

2023 NY Slip Op 00180

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 31903/18E Appeal No. 17111 Case No. 2021-04721 

[*1]Emile Leathers, as Administrator of the Estate of Danielle Monique Leathers, Deceased, Plaintiff-Appellant-Respondent,
v
Approved Oil Co. of Brooklyn, Inc., et al., Defendants-Respondents-Appellants.

Kelner and Kelner, New York (Gail S. Kelner of counsel), for appellant-respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for respondents-appellants.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about December 9, 2021, which denied defendants' motion for summary judgment on liability and plaintiff's cross motion for the same relief, unanimously modified, on the law, to grant defendants partial summary judgment on the issue of plaintiff's decedent's negligence, and otherwise affirmed, without costs.
On March 23, 2017, at approximately 11:58 a.m., decedent Danielle Monique Leathers was struck and killed by a red and green Mack Tanker truck owned by defendant Approved Oil Co. of Brooklyn, Inc., and driven by defendant Atallah Deeb, at the intersection of Bruckner Boulevard and East 138th Street in the Bronx.
The court properly found triable issues of fact as to whether defendants were negligent, based on the conflicting evidence concerning whether defendant driver was driving faster than the speed limit and whether he had an unobstructed view of decedent as she was crossing the street in the crosswalk. However, defendants should have been granted partial summary judgment on the issue of decedent's negligence, given the uncontroverted fact that she was crossing against the light while defendant driver had a green light in his favor (see CPLR 3212[e]; Santo-Perez v Enterprise Leasing Co., 126 AD3d 621, 621 [1st Dept 2015]). The issues of whether decedent was solely at fault or whether the parties were comparatively negligent will be determined at trial (see Rodriguez v City of New York, 31 NY3d 312 [2018]).
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023