Greenidge v Steele (2024 NY Slip Op 06153)

Greenidge v Steele

2024 NY Slip Op 06153

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 300475/14 Appeal No. 3201 Case No. 2023-04772 

[*1]Keonna S. Greenidge, Plaintiff-Appellant-Respondent,
v
Willis Steele Jr. et al., Defendants-Respondents-Appellants, D.L. Peterson Trust, Defendant.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant-respondent.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Payne Tatich of counsel), for respondents-appellants.

Judgment, Supreme Court, Bronx County (Bianka Perez, J.), entered on or about July 27, 2023, upon a jury verdict, awarding plaintiff $125,000 for past pain and suffering, $125,000 for future pain and suffering over 10 years, and $200,000 for future medical expenses, and apportioned liability 65% against defendants and 35% against plaintiff, unanimously affirmed, without costs.
The jury's apportionment of 35% fault to plaintiff was not against the weight of the evidence. The jury's determination that plaintiff was negligent was based on a fair interpretation of her own testimony, in which she stated that she was walking about one to three feet outside of the crosswalk as she crossed the intersection just before the vehicle hit her (Vehicle and Traffic Law § 1152[a]; see e.g. Santo-Perez v Enterprise Leasing Co., 126 AD3d 621 [1st Dept 2015]).
We reject plaintiff's argument that the award for past and future pain and suffering was insufficient. The jury is entitled to great deference in its evaluation of the evidence, and the evidence at trial, which included conflicting expert testimony, gave the jury a sufficient basis for concluding that that the accident did not injure plaintiff as seriously as she alleged (see Williams v City of New York, 105 AD3d 667, 668 [1st Dept 2013]). Furthermore, we find no basis to modify the award, as it is supported by the record and does not constitute a material deviation from appropriate compensation (CPLR 5501[c]; see DeCastro v Andrews Plaza Hous. Assoc., L.P., 85 AD3d 553, 554 [1st Dept 2011]; see also Po Yee So v Wing Tat Realty, 259 AD2d 373, 374 [1st Dept 1999]).
We also reject defendants' argument that the future medical expense award of $200,000 is excessive. The jury was entitled to credit the testimony by plaintiff's spine surgeon, who testified about future surgeries, evaluations, and treatments, and his testimony supported the award with reasonable certainty (see Coleman v City of New York, 87 AD3d 401, 401 [1st Dept 2011]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024