■ HELEN SANCHEZ, Appellant, v MORRISANIA II ASSOCIATES et al., Respondents. [882 NYS2d 53]—

Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered May 31, 2007, upon a jury verdict awarding plaintiff $100,000 for past pain and suffering and $150,000 for past lost earnings, unanimously modified, on the facts, the past pain and suffering award vacated and a new trial directed on damages for past pain and suffering, and otherwise affirmed, without costs, unless defendants, within 30 days after service of a copy of this order, stipulate to an increased award of $250,000 for past pain and suffering and entry of an amended judgment in accordance therewith.

The award of $100,000 for past pain and suffering deviated materially from reasonable compensation under the circumstances (CPLR 5501 [c]; *see e.g. Bernstein v Red Apple Supermarkets*, 227 AD2d 264, 266 [1996], *lv dismissed* 89 NY2d 961 [1997]). It is undisputed that as a result of the accident, the 32-year-old plaintiff sustained a fracture of her ankle, which required her to wear a cast for six to eight weeks, to walk with crutches for one week, and use a cane. It is further undisputed that plaintiff sustained a tear of her right rotator cuff, for which she underwent surgery and then one to two months of physical therapy. The award for past pain and suffering is accordingly increased to the extent indicated. However, given the lack of permanency of these injuries, there is no basis to disturb the jury's determination that plaintiff was not entitled to an award for future pain and suffering.

As to plaintiff's lower back, defendants' experts testified, contrary to plaintiff's witnesses, that plaintiff did not sustain a

traumatically induced injury, that any lumbar condition was due to a congenital abnormality and chronic degenerative changes, as seen on the diagnostic films entered into evidence, and that plaintiff's subjective complaints of pain were not correlated with objective findings on clinical examination. A reasonable view of the evidence supports the determination that the jury may be presumed to have made, based on its evaluation of the conflicting expert testimony, that plaintiff's back injury was not caused by the accident (*see Goldstein v Snyder*, 3 AD3d 332, 333-334 [2004]).

The jury's determination not to award damages for past or future medical expenses is not against the weight of the evidence. As to the former, it is not clear from the hospital printout on which plaintiff relied whether the $80 shown to be owed by her either is attributable to the injuries she sustained as a result of the accident or will be paid from a collateral source. As to the latter, plaintiff's ankle and shoulder injuries resolved before trial and, as indicated, the jury could reasonably have found that her back injury was not caused by the accident, but resulted from a degenerative condition predating the accident (*see e.g. Mejia v JMM Audubon*, 1 AD3d 261 [2003]).

Nor is the jury's determination not to award damages for future lost earnings against the weight of the evidence. The vocational rehabilitation expert's opinion that plaintiff could return to work was based on his interview with her, her medical and employment records, government publications, and his experience as a vocational rehabilitation counselor. Plaintiff's contention that the expert was also required to discuss plaintiff's employability with employment agencies is unsupported and unpersuasive. Concur—Tom, J.P., Mazzarelli, Renwick and Freedman, JJ.