Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about November 28, 2011, which, after a jury trial, granted defendants-respondents’ motion to set aside the jury’s award of $400,000 for past pain and suffering and $300,000 for future pain and suffering over 48.6 years to the extent of ordering a new trial on those damages unless plaintiff stipulated to a reduced award to $175,000 for past pain and suffering and $35,000 for future pain and suffering, unanimously modified, on the facts, to direct a new trial on damages unless plaintiff stipulates, within 30 days of service of a copy of this order with notice of entry, to decrease the jury award for past and future pain and suffering to $300,000 and $250,000, respectively, and to the entry of judgment in accordance therewith, and otherwise affirmed, without costs.
Plaintiff, who was 24 years old at the time of the accident, suffered, among other things, a partial thickness rotator cuff tear, for which she underwent surgery and a course of physical therapy, and an injury to her lower back. Although her medical records reflected that her condition improved postoperatively *460 and she received only limited treatment after the surgery, she continued to complain of pain and limitation at the time of trial. In addition, her expert opined that her shoulder and lower back conditions were permanent and recommended further surgery for the shoulder injury. Under the circumstances, we find that the awards for past and future pain and suffering deviate materially from what is reasonable compensation (see CPLR 5501 [c]; compare Konfidan v FF Taxi, Inc., 95 AD3d 471 [1st Dept 2012]; Sanchez v Morrisania II Assoc., 63 AD3d 605 [1st Dept 2009]; Elescano v Eighth-19th Co., LLC, 17 AD3d 250 [1st Dept 2005]), and we accordingly modify to the extent indicated. Concur—Gonzalez, EJ., Tom, Sweeny, Renwick and Richter, JJ.