■ HOLLYE D. POWELL, Respondent, v CITY OF NEW YORK, Appellant. [983 NYS2d 787]—

Order, Supreme Court, Bronx County (Kibbie F. Payne, J.), entered November 9, 2012, which granted plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in defendant's favor, unanimously reversed, on the law and the facts, without costs, and the motion denied. The Clerk is directed to enter judgment dismissing the complaint.

The jury's verdict, that plaintiff's slip-and-fall accident was not a proximate cause of her injuries, was based on a fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Goldstein v Snyder*, 3 AD3d 332, 334 [1st Dept 2004]). Indeed, plaintiff's own doctor testified that her degenerative disc disease predated the accident, and that she had a normal neurological exam after the accident. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Freedman and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER SHOWERS, Appellant. [983 NYS2d 788]—Judgment of resentence, Supreme Court, Bronx County (John P. Collins, J.), rendered February 10, 2011, resentencing defendant to a term of 12 years, with five years' postrelease supervision, unanimously affirmed.

The resentencing proceeding imposing a term of postrelease supervision was neither barred by double jeopardy nor otherwise unlawful (*see People v Lingle*, 16 NY3d 621 [2011]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Freedman and Kapnick, JJ.