OPINION OF THE COURT
Anthony J. Carpinello, J.
In this Labor Law § 240 case, the plaintiff Kevin Goodrich moves for summary judgment pursuant to CPLR 3212 on the issue of liability. The defendant Watermill Townhouses, Inc. (Watermill) and the third-party defendants Edward Hofler, individually and doing business as Rhinebeck Renovators, cross-move for summary judgment, contending that Watermill is not an "owner” within the meaning of Labor Law § 240 and is therefore not a proper party to this action. As will be set forth more fully below, the court concludes that Watermill should in fact be treated as an "owner” for purposes of Labor Law § 240. However, because the court finds that questions of fact exist as to the cause of plaintiff’s accident, the plaintiff’s motion for summary judgment on the issue of liability is denied.
This case arises out of injuries sustained by the plaintiff Kevin Goodrich on October 16, 1991 while working at the Watermill Townhouse complex in Lake Katrine. Plaintiff was an employee of third-party defendant Rhinebeck Renovators. In his affidavit in support of this motion, plaintiff states that prior to the accident he was standing on a 40-foot extension ladder removing old caulking from the easterly side of one of the townhouse units. He states that as he began to descend the ladder, the ladder began sliding to the left and that when his right foot was on the third rung of the ladder, the ladder shifted and spun to the left, propelling the plaintiff against the side of the apartment unit. Plaintiff also produces the deposition testimony of Stefan Washburn, who was present at the time of the accident. Washburn testified that he heard the plaintiff yell and then looked around the corner of the building and saw the ladder tipping to the right and the plaintiff falling against the corner of the building. Washburn testified that he ran to the ladder and grabbed it after the plaintiff "slammed himself up against the building.” It is plaintiff’s claim on this *316 motion that the failure to secure the ladder constitutes a violation of Labor Law § 240.
Labor Law § 240 (1), the "scaffold law,” provides that "[a]ll contractors and owners * * * shall furnish or erect, or cause to be furnished or erected * * * scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to [construction workers employed on the premises].” "The purpose of this statute is to protect workers and to impose the responsibility for safety practices on those best situated to bear that responsibility” (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500). The duty imposed by this section is nondelegable and absolute, and an owner is liable for a violation of this section even though the job was performed by an independent contractor over which it exercised no supervision or control and regardless of the negligence of the worker (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513). Finally, this section " ' "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” ’ ” (supra [citations omitted]).
On its cross motion for summary judgment, Watermill argues that it is not an "owner” within the meaning of Labor Law § 240 and thus cannot be held liable for a violation of that statute. Counsel for Watermill annexes to its papers the contract with Rhinebeck Renovators for completion of the work at issue in this case. The contract, which is dated July 2, 1991, is between Rhinebeck Renovators and Watermill Townhouse One. Apparently, Watermill Townhouses, Inc. was not incorporated until August 22, 1991, after the contract with Rhinebeck Renovators was signed but before the plaintiffs accident. Further, counsel argues that Watermill is a not-for-profit corporation and does not own any real property. The units are owned by the individual condominium owners. The owners also possess a percentage interest in the common areas of the condominium. Therefore, counsel argues that Watermill was simply a homeowner’s association that did not contract with Rhine-beck Renovators, did not exist at the time that the contract was signed, and did not own any real property on the date of the accident. Accordingly, counsel for Watermill urges that this court dismiss the complaint as against it.
To qualify as an "owner” for purposes of the Labor Law, it is not necessary that a party actually hold title to the property upon which the accident occurs (Copertino v Ward, 100 AD2d 565, 566). Rather, the Appellate Division has held that the *317 targets of the statutory liability are "those who have the power to enforce safety standards and choose responsible subcontractors” (Nowak v Smith & Mahoney, 110 AD2d 288, 290). Thus, "[t]he key criterion is 'the right to insist that proper safety, practices were followed and it is the right to control the work that is significant, not the actual exercise or nonexercise of control’ ” (supra, citing Copertino v Ward, supra, at 567). "[The owner] is the party who, as a practical matter, has the right to hire or fire subcontractors and to insist that proper safety practices are followed” (Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 114).
In this case, as counsel for Watermill points out, Watermill did not contract with Rhinebeck Renovators. Watermill Townhouse One was the entity that contracted with Rhinebeck Renovators. Watermill had not been incorporated at the time that the contract was executed. However, a review of the deposition transcript of Nicholas G. Koopman, Jr. reveals that the facts of this case are not nearly as cut-and-dried as Watermill claims on its cross motion. Koopman, who is presently the president of Watermill’s board of directors, testified that Watermill’s incorporation in 1991 was a mere "name change” and that the board of directors had the same function before the incorporation as after the incorporation — managing all of the work that goes on in the common areas of the complex, including the grounds, the roofing, the exterior of the building and the removal of trash. This function includes the hiring of external contractors to maintain the common grounds. Although he could not recall the name of the predecessor entity and could not at that time locate a copy of the contract between that entity and Rhinebeck Renovators, he testified that he was familiar with the contract, which he described as "pretty extensive.” He also testified that various board members monitored the work as it progressed and the head of the board’s building committee was specifically assigned to oversee the work and to keep records of the board’s concerns about the work. When asked about "standards” that the board imposed regarding the hiring of contractors, he indicated that the board required that all contractors provide a proof of insurance.
On the facts of this case, the court finds that Watermill qualifies as an "owner” for purposes of Labor Law § 240 (1). Precedent from the Appellate Division makes it clear that Watermill does not need to be the title holder of the real property for liability to attach. Further, although Watermill Townhouse *318 One was the entity that contracted with Rhinebeck Renovators, Watermill’s own representative testified that the board of directors of Watermill and the board of directors of Watermill Townhouse One served the same function and that the incorporation of Watermill was a mere "name change” that did not affect the manner in which the board functioned. Further, he testified that the board determined which contractors to hire and oversaw the work performed by Rhinebeck Renovators as it progressed. These facts distinguish the instant case from Mangiameli v Galante (171 AD2d 162, 164), in which the Appellate Division refused to impose liability upon a condominium association where there was no allegation that the association had the authority to contract with the plaintiff’s employer to perform the work or the right to control the work. Finally, as noted above, Labor Law § 240 (1) " ' "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed” ’ ” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513, supra [citations omitted]). On balance, therefore, this court concludes that Watermill should be considered an "owner” within the meaning of Labor Law § 240. Accordingly, the cross motions brought by defendant Watermill and third-party defendant Rhinebeck Renovators are denied.
Plaintiff seeks summary judgment as to liability in this case. Plaintiff argues that the failure to secure the ladder upon which he was standing constitutes a violation of Labor Law § 240 (1) as a matter of law (see, e.g, Urrea v Sedgwick Ave. Assocs., 191 AD2d 319, 320). However, the Appellate Division has also held that "[w]here the injured worker’s version of the accident is inconsistent with either his own previous account or that of another witness, a triable question of fact may be presented” (Rodriguez v New York City Hous. Auth., 194 AD2d 460, 462). That is certainly the case here. Plaintiff now maintains that the ladder tilted and spun as he descended, hurling him into the building. However, according to the deposition transcript of third-party defendant Edward Hofler, plaintiff told Hofler shortly after the accident that the accident had taken place after a gust of wind caused the ladder to fall toward another employee. Plaintiff allegedly told Hofler that he was injured when he grabbed the ladder in an effort to save the life of his co-worker. Plaintiff gave a similar account to the Workers’ Compensation Board one week after the accident. Records from the plaintiff’s own chiropractor and from the emergency room also indicate that plaintiff stated that he was *319 injured when he tried to grab a falling ladder. The fact that these records clearly indicate that plaintiff stated that the accident happened in this way distinguishes the instant case from Gunn v City of New York (104 AD2d 848, 850), cited by plaintiff, in which the Appellate Division held that hospital records inconsistent with the plaintiff’s statements at trial were not admissible as admissions against interest where there was no indication that the statements in the hospital records had actually been made by the plaintiff. In conclusion, this court finds that questions of fact exist regarding the manner in which the accident took place. Plaintiff’s motion for summary judgment on the issue of liability is therefore denied.