■ Jose Valentin et al., Appellants, v City of New York et al., Respondents. [739 NYS2d 716] —Order, Supreme Court, Bronx County (Louis Benza, J.), entered April 10, 2001, which denied plaintiffs' motion to set aside the jury's awards of $30,000 for past pain and suffering and $24,000 for future pain and suffering and to increase both awards, unanimously reversed, on the facts, without costs, the motion granted, the awards set aside and the matter remanded for a new trial on the issue of such damages only, unless defendants, within 30 days after service of a copy of this order with notice of entry, stipulate to increase the awards to $350,000 for past pain and suffering and $450,000 for future pain and suffering and to entry of judgment in accordance therewith.

The unrefuted trial evidence established that, as a result of slipping and falling down a flight of stairs while delivering a load of produce to P.S. 35 in September 1992, plaintiff suffered spondylolisthesis of the L-5 vertebra, i.e., the bone separated from the back of the lower spine and shifted forward. Plaintiff's treating orthopedic surgeon initially prescribed a body brace

---

"to try to hold the spine together." This condition severely compressed the L-5 nerve root, causing plaintiff sharp pain down his right leg, in addition to the low back pain he was experiencing. In an eight-hour surgery in June 1993, plaintiff underwent a fusion of the L-5 and S-1 spinal bones, which included the insertion of two steel rods with screws against the spinal column and a bone-growth stimulator to aid bone healing, and a laminectomy to remove the pressure on the nerve root. The bone-growth stimulator was removed during a second surgery in April 1995. Plaintiff continued to have low back pain for which he was prescribed painkillers, muscle relaxants and physical therapy and, in 1997, he was referred to a pain management specialist, who injected novocaine directly into the nerve roots, with only temporary success. The orthopedic surgeon testified that plaintiff would likely need further surgery extending the spinal fusion to the next higher vertebra. This surgery would include removing the existing metallic implants and inserting new ones. The surgeon testified that plaintiff would likely have pain for the rest of his life and would be unable to perform any kind of manual labor, work that requires prolonged sitting, or work that requires a clear mind, because the continuous pain medication impaired his ability to concentrate.

From its awards for past and future lost earnings it is clear that the jury credited plaintiff's claim that after the accident he was unable to work, whereas before he had worked full time as a truck driver delivering heavy crates of produce. However, its awards for past and future pain and suffering are inconsistent with that finding and deviate materially from what is reasonable compensation under the circumstances (*see,* CPLR 5501 [c]; *see, e.g., Donlon v City of New York*, 284 AD2d 13 [$400,000 each for past and future pain and suffering of firefighter who fell 25 feet, fractured two vertebrae, recovered and returned to work with no restrictions]; *Rountree v Manhattan & Bronx Surface Tr. Operating Auth.*, 261 AD2d 324, *lv denied* 94 NY2d 754 [$450,000 for past pain and suffering of man with herniated disc and permanent pain and loss of mobility who was unable to return to former work]; *Adams v Romero*, 227 AD2d 292 [$450,000 for past and future pain and suffering of man with two herniated discs with pain and permanent loss of mobility in neck]). An increase in those awards to the extent indicated is therefore warranted. Concur—Williams, P.J., Mazzarelli, Ellerin, Lerner and Rubin, JJ.