■ Juana Mejia, Respondent, v JMM Audubon, Inc. et al., Appellants. [767 NYS2d 427]—

Verdict awarding plaintiff certain amount for past pain and suffering, but nothing for future pain and suffering, was supported by testimony of defendants' expert orthopedist to extent he opined that, while trauma plaintiff sustained in slip-and-fall accident may have temporarily stimulated pain in her knee, plaintiff had recovered from effects of trauma by time of trial, and her continuing pain in knee arose from underlying condition of degenerative arthritis that long predated accident.

Order, Supreme Court, New York County (Joan Madden, J.), entered August 8, 2002, which, after a jury trial, granted plaintiff's motion to set aside the verdict as to damages to the extent of directing a new trial on the issue of damages for past and future pain and suffering unless defendants stipulated to increase the award for past pain and suffering from $7,000 to $30,000, and the award for future pain and suffering from nothing to $60,000, unanimously reversed, on the law and the facts, without costs, the motion denied, and the verdict reinstated. The Clerk is directed to enter judgment accordingly.

The jury's verdict as to damages was supported by valid lines of reasoning and permissible inferences from the evidence at trial (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]), was not against the weight of the evidence (*see* CPLR 4404 [a]), and did not deviate materially from reasonable compensation under the circumstances (*see* CPLR 5501 [c]). In considering the conflicting testimony of the parties' respective expert witnesses, the jury was not required to accept one expert's testimony over that of the other, but was entitled to accept or reject either expert's position in whole or in part (*People v Justice,* 173 AD2d 144, 146 [1991], citing *People v Wood,* 12 NY2d 69, 77 [1962]). The verdict awarding plaintiff $7,000 for past pain and suffering, but nothing for future pain and suffering, finds support in the testimony of defendants' expert orthopedist to the extent he opined that, while the trauma plaintiff sustained in the subject slip-and-fall accident may have temporarily stimulated pain in her knee, plaintiff had recovered from the effects of the trauma by the time of trial, and her continuing pain in the knee arises from an underlying condition of degenerative arthritis that long predates the accident. We perceive no inconsistency between the foregoing and the award of damages for past medical expenses. Accordingly, the verdict should be reinstated. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.