■ In the Matter of NICHOLAS A., Appellant. [811 NYS2d 577]— In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Nassau County (Marks, J.), dated April 25, 2005, which, upon a fact-finding order of the same court dated April 25, 2005, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree, inter alia, adjudged him to be a juvenile delinquent and placed him on probation for a period of 24 months. The appeal brings up for review the fact-finding order dated April 25, 2005.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792 [1987]; cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted the crime of assault in the second degree (cf. Penal Law § 120.05 [4]). Moreover, upon the exercise of our factual review power, we are satisfied that the Family Court's findings of fact were not against the weight of the evidence (cf. CPL 470.15 [5]). While the testimony of the complainant and his witnesses differed from the testimony of the appellant and his witnesses, the Family Court was in the best position to assess all the witnesses' credibility, as it saw and heard the testimony first-hand (see Matter of Gabriel A., 12 AD3d 666 [2004]). Under these circumstances, the greatest respect must be accorded to the determination of the hearing court in assessing the credibility of the witnesses and resolving disputed questions of fact (see Matter of Jamal V., 159 AD2d 507, 508 [1990]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.