■ In the Matter of Kai B. Administration for Children's Services, Respondent; Masako O., Appellant, et al., Respondent. [834 NYS2d 216]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of a fact-finding and dispositional order of the Family Court, Kings County (Hamill, J.), dated February 10, 2006, as, after a hearing, found that she had abused and neglected the subject child, placed the subject child in the custody of the maternal grandfather, and placed the mother under the supervision of the Administration for Children's Services for a period of 12 months.

Ordered that the appeal from so much of the order of disposition as placed the mother under the supervision of the Administration for Children's Services for a period of 12 months is dismissed as academic, as the period of supervision has expired; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The Family Court did not err in finding that the appellant abused and neglected her then seven-month old son, Kai B. "The petitioner established by a preponderance of the evidence that the appellant either inflicted physical injury upon her son [Kai B.], or allowed such injury to be inflicted upon him, by other than accidental means, and that the injury was of the type and severity contemplated by Family Court Act § 1012 (e) [and (f)]" (*Matter of Daqwuan G.,* 29 AD3d 694, 695 [2006]; *see* Family Ct Act § 1012 [e] [i]; [f] [i] § 1046 [a] [ii]; [b] [i]). Specifically, the petitioner established that on December 28, 2004 Kai presented at Brooklyn Hospital with skull, tibia, and rib fractures, and that these injuries were "of such a nature as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the care of such child" (Family Ct Act § 1046 [a] [ii]). The petitioner also established that although the appellant had been advised by her son's pediatrician, on December 17, 2004 and December 20, 2004, that she should have her son examined by a neurologist in regard to a swelling on his scalp, which ultimately proved to be a skull fracture with a hematoma, she failed to do so. Finally, the petitioner established that the injuries occurred while Kai was under the appellant's care (*see* Family Ct Act § 1012 [e]; § 1046 [a] [ii]; [b] [i]; *Matter of Philip M.,* 82 NY2d 238, 244 [1993]). In response, the appellant failed to provide a reasonable and adequate explanation for the injury or for her failure to seek the recommended medical care (*see Matter of Philip M., supra* at 244-245; *Matter of Aniyah F.,* 13 AD3d 529, 530-531 [2004]; *Matter of Shawniece E.,* 110 AD2d 900, 900 [1985]).

There is no basis to reject the Family Court's determination accepting the testimony of the petitioner's witnesses and determining that appellant's testimony lacked credibility (*see Matter of Nicholas A.,* 28 AD3d 477 [2006]; *Matter of Vivica J.,* 229 AD2d 495, 496 [1996]). The Family Court, which saw and heard the witnesses, was in the best position to assess credibility. Its determinations with respect thereto should not be disturbed since they are supported by the record (*see Matter of Commissioner of Social Servs. of City of N.Y. v Hyacinth L.,* 210 AD2d 329, 331; *cf. Matter of Ana L.,* 26 AD3d 439, 439 [2006]).

The appellant's contention that the court erred in admitting the Brooklyn Hospital and medical records into evidence is unpreserved for appellate review, and in any event, is without merit. Such records are admissible if the proponent offers *either* foundational testimony under CPLR 4518 (a) *or* certification under CPLR 4518 (c) (*see Rodriguez v Triborough Bridge & Tunnel Auth.*, 276 AD2d 769, 770 [2000]; *Matter of Paul G.*, 232 AD2d 415, 416 [1996]; *LaDuke v State Farm Ins. Co.*, 158 AD2d 137, 138 [1990]; *Matter of Quinton A.*, 68 AD2d 394, 399-400 [1979], *revd on other grounds* 49 NY2d 328 [1980]; *cf. Kasman v Flushing Hosp. & Med. Ctr.*, 224 AD2d 590, 590 [1996]). Since both the hospital and medical records in question were properly certified, they were properly admitted. Crane, J.P., Florio, Fisher and Dickerson, JJ., concur.