■ JAMES CROOMS, Appellant, v SAUER BROS. INC., Respondent. [853 NYS2d 29]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered September 12, 2006, after a jury trial,

awarding plaintiff damages of $75,000 for past pain and suffering and nothing for future pain and suffering, unanimously affirmed, without costs.

In 2002, plaintiff, an unemployed former transit worker on disability, allegedly fell in the backyard of his building, owned by defendant, when he stepped into a hole, lost his balance, and struck his ankle on a rock the size of a bowling ball. He suffered a fracture of the fifth metatarsal bone on his left foot, and developed a deep vein thrombosis from the cast that was applied. After hospitalization for a week, he wore a cam-walker for another two months. Plaintiff alleges that he also suffered consequent injuries to his left ankle and spine, requiring surgery in 2004 and 2005, respectively.

At trial, plaintiff was cross-examined regarding an affirmation he had signed in connection with an auto accident involving his family. The affirmation suggested that plaintiff had been in the car, but on cross-examination he stated that the affirmation was erroneous. Plaintiff sought to offer into evidence a police report and other documents to bolster his testimony that he had not been in the car, but the court denied the request on the ground that the issue was collateral and relevant only to credibility. At a later point in the trial, a report of defendant's expert suggested that plaintiff might indeed have been in an accident subsequent to the one at issue.

Plaintiff challenges the verdict on the ground that the court should have permitted him to prove that he had not been in a later auto accident, to avoid speculation by the jury on this collateral event. He also asserts that the verdict was inconsistent, against the weight of the credible evidence, and deviated materially from reasonable compensation.

A collateral matter is one that has no direct bearing on any issue in the case, other than credibility. The trial court is invested with broad discretion in restricting inquiry into such matters (see Coopersmith v Gold, 89 NY2d 957 [1997]). The record reflects that plaintiff was asked about the affirmation in the context of a series of questions designed to challenge his credibility. At no point did defense counsel suggest plaintiff's alleged injuries were the consequence of a later accident, and in summation defense counsel stated that the only relevance of the affirmation was the fact it was false and plaintiff signed it. Accordingly, the court properly refused to admit extrinsic evidence regarding the subsequent auto accident.

The record also reflects sufficient evidence to support the verdict and the adequacy of the award. Based on the report of defendant's expert, portions of which were read into the record,

plaintiff made a full recovery, had a full range of motion and normal alignment, and the soft tissue and bony structure of the foot were normal, with no disability or permanent injury as a result of the subject accident. Plaintiff's experts disagreed.

In evaluating conflicting testimony of expert witnesses, the jury is entitled to accept or reject an expert's testimony in whole or in part (*Mejia v JMM Audubon*, 1 AD3d 261 [2003]). If the jury credited defendant's expert, there is no inconsistency in the award of damages for past pain and suffering but none for future pain and suffering, in light of plaintiff's full recovery.

Defendant's expert also opined that the surgery on plaintiff's ankle in 2004 and his back in 2005 were consequences of unrelated medical problems. The award of $75,000 for a fractured metatarsal and thrombosis does not deviate materially from reasonable compensation (*see Brandwein v New York City Tr. Auth.*, 14 AD3d 396 [2005]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.