Order, Supreme Court, New York County (Paul G. Feinman, J.), entered February 28, 2011, which, following a jury verdict, denied plaintiffs CPLR 4404 motion to set aside the verdict as inconsistent and inadequate, unanimously affirmed, without costs.
Plaintiff, an ironworker, was injured when a crane that was lifting a steel “screen” or “curtain” failed, causing the screen to fall some 20 feet in the air before striking plaintiff. This Court previously affirmed a finding that plaintiff was entitled to partial summary judgment on his claims pursuant to Labor Law § 240 (1) (49 AD3d 339 [1st Dept 2008]).
Following a trial on damages, the jury returned a unanimous verdict awarding plaintiff: $124,000 in past medical expenses (upon prior stipulation of the parties), $90,000 in lost earnings, $25,000 for past pain and suffering, $200,000 for future medical expenses, and no damages for future pain and suffering, future lost earnings, or future loss of pension benefits. The jury was polled and released without objection.
Plaintiff failed to preserve his claim that the verdict was inconsistent in that the jury made an award for future medical expenses, but not future pain and suffering (see Knox v Piccorelli, 83 AD3d 581, 581 [1st Dept 2011]; Arrieta v Shams Waterproofing, Inc., 76 AD3d 495, 496 [1st Dept 2010]).
As for whether the verdict is insufficient and against the weight of evidence, sufficient evidence was adduced from which the jury could have concluded that most of plaintiff’s alleged serious injuries preexisted his accident and that the others, involving a fractured rib, clavicle and vertebra, had resolved (see Crooms v Sauer Bros. Inc., 48 AD3d 380, 382 [1st Dept 2008]; Batchu v 5817 Food Corp., 56 AD3d 402 [2d Dept 2008], lv denied 12 NY3d 704 [2009]). Plaintiff had brought four prior, work-related lawsuits, claiming many of the same injuries *491 claimed in this case. For example, one of plaintiffs own doctors testified, under defendant’s subpoena, that he advised plaintiff, six months prior to the subject accident, that surgery might be warranted to his cervical spine. Under the facts of this case, it cannot be said that the jury’s verdict deviated materially from reasonable compensation.
There was also sufficient evidence from which the jury could have concluded that plaintiffs failure to return to work was not as a result of this accident, but by choice. There exists no basis to disturb the jury’s credibility determinations (see Knox, 83 AD3d at 581). Concur — Friedman, J.E, Sweeny, Moskowitz, Freedman and Román, JJ.