■ ALFONSO ROBLES, Appellant-Respondent, v POLYTEMP, INC., et al., Respondents-Appellants. [7 NYS3d 441]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Walker, J.), dated November 16, 2012, which, upon a jury verdict on the issue of damages, and upon an order of the same court dated July 20, 2012, denying his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages

as inadequate and for a new trial, is in favor of him and against the defendants in the principal sum of only $525,194.33, and the defendants cross-appeal, as limited by their brief, from stated portions of the same judgment which, upon a jury verdict on the issue of liability, finding them 65% at fault in the happening of the accident and the plaintiff 35% at fault, and upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, and upon the jury verdict on the issue of damages, is in favor of the plaintiff and against them in the principal sum of $525,194.33.

Ordered that the judgment is modified, on the law, by increasing the principal sum awarded to the plaintiff from $525,194.33 to $655,194.33; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

On February 6, 2008, a vehicle operated by the plaintiff was involved in a collision with another vehicle at an intersection in Port Chester. The plaintiff thereafter commenced this action against the driver and the owner of the other vehicle. At the conclusion of the trial on the issue of liability, the Supreme Court denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, and the jury returned a verdict finding that the defendants were 65% at fault in the happening of the accident and the plaintiff was 35% at fault.

During the trial on the issue of damages, the Supreme Court denied the plaintiff's request to redact entries in his hospital records which indicated that he was not using an available seat belt at the time of the accident. The court instructed the jury that it could consider those entries in the hospital records as evidence of the plaintiff's failure to mitigate his injuries. The jury returned a verdict finding that the plaintiff had sustained a total of $1,007,991.28 in damages, consisting of $400,000 for past pain and suffering, $89,825 for lost wages, $68,166.28 for medical expenses, $400,000 for future pain and suffering, and $50,000 for future lost wages. In response to interrogatories appearing on the verdict sheet, the jury further found that the plaintiff was not using a seat belt at the time of the accident, that this contributed to his damages, and that, as a result, the damages should be reduced by $200,000, resulting in a total damages award of $807,991.28. Subsequently, judgment was entered, awarding the plaintiff the principal sum of $525,194.33, representing 65% of the total damages award. The plaintiff appeals, and the defendants cross-appeal, from the judgment.

"To be entitled to judgment as a matter of law pursuant to CPLR 4401, a defendant has the burden of showing that there is no rational process by which the jury could find in favor of the plaintiff and against the moving defendant" (*Cicola v County of Suffolk*, 120 AD3d 1379, 1381 [2014]; *see Ruggiero v Weth*, 122 AD3d 828, 828-829 [2014]; *Elnakib v County of Suffolk*, 90 AD3d 596, 597 [2011]). Contrary to the defendants' contention, there was a rational process by which the jury at the trial on the issue of liability could find that the defendant driver failed to "see that which, through the proper use of senses, should have been seen," that his negligent conduct contributed to the happening of the accident, and that the defendants were 65% at fault in the happening of the accident (*Wilson v Rosedom*, 82 AD3d 970, 970 [2011]; *see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 896 [2009]; *Cox v Nunez*, 23 AD3d 427, 427-428 [2005]). The jury's determination was also supported by a fair interpretation of the evidence and, therefore, was not contrary to the weight of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]).

The plaintiff contends that the Supreme Court erred in denying his request, made at the outset of the trial on the issue of damages, to redact entries in his hospital records which indicated that he was not wearing a seat belt at the time of the subject accident. A hearsay entry in a hospital record is admissible under the business records exception to the hearsay rule only if the entry is germane to the diagnosis or treatment of the patient (*see Gunn v City of New York*, 104 AD2d 848, 849 [1984]). However, if the entry is inconsistent with a position taken by a party at trial, it is admissible as an admission by that party, even if it is not germane to diagnosis or treatment, as long as there is "evidence connecting the party to the entry" (*Coker v Bakkal Foods, Inc.*, 52 AD3d 765, 766 [2008]; *see Berrios v TEG Mgt. Corp.*, 35 AD3d 775, 776 [2006]). At trial, the plaintiff testified that he was using a seat belt at the time of the accident. The hospital records containing the challenged entries clearly indicated that the plaintiff was the source of the information contained therein (*see Goodrich v Watermill Townhouses*, 169 Misc 2d 314, 319 [Sup Ct, Ulster County 1996]). Accordingly, the challenged entries were properly admitted into evidence.

Although the Supreme Court properly declined to redact the hospital record as requested by the plaintiff, the court nonetheless erred in submitting the seat belt defense to the jury, since the defendants failed to demonstrate, by competent evidence, that the plaintiff's injuries would have been minimized had he

been wearing a seat belt at the time of the accident (*see Spier v Barker*, 35 NY2d 444, 449-450 [1974]; *Schrader v Carney*, 180 AD2d 200, 210 [1992]). At trial, both of the plaintiff's treating physicians testified in general terms that use of a seat belt can reduce the risk of injury. This evidence was insufficient to satisfy the defendants' burden of proof (*cf. Godfrey v G.E. Capital Auto Lease, Inc.*, 89 AD3d 471, 479 [2011]; *Dowling v Dowling*, 138 AD2d 345 [1988]). Thus, the seat belt defense and the related interrogatories should not have been submitted to the jury, and the damages should not have been reduced by $200,000. Accordingly, the judgment should have awarded the plaintiff 65% of $1,007,991.28, rather than 65% of $807,991.28.

The plaintiff contends that the jury's award of $400,000 for past pain and suffering and $400,000 for future pain and suffering deviated materially from reasonable compensation where the evidence demonstrated that he sustained herniations requiring two spinal fusion surgeries as a result of the accident and where epidural injections and physical therapy were unsuccessful. Considering the nature and extent of the plaintiff's injuries, we find that the jury's awards for past pain and suffering and future pain and suffering did not deviate materially from reasonable compensation (*see* CPLR 5501 [c]; *Cicola v County of Suffolk*, 120 AD3d 1379, 1381 [2014]; *DeCastro v Andrews Plaza Hous. Assoc., L.P.*, 85 AD3d 553, 554 [2011]; *Kmiotek v Chaba*, 60 AD3d 1295, 1296-1297 [2009]; *Sanz v MTA-Long Is. Bus*, 46 AD3d 867, 868-869 [2007]; *Valentin v City of New York*, 293 AD2d 313, 314 [2002]; *McGurk v Louis R. Buttermark & Sons, Inc.*, 35 Misc 3d 139[A] 2012 NY Slip Op 50861[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). "In considering the conflicting testimony of the parties' respective expert witnesses, the jury was not required to accept one expert's testimony over that of the other, but was entitled to accept or reject either expert's position in whole or in part" (*Mejia v JMM Audubon*, 1 AD3d 261, 262 [2003]; *see Crooms v Sauer Bros. Inc.*, 48 AD3d 380, 382 [2008]; *Vona v Wank*, 302 AD2d 516, 517 [2003]). Here, based on the conflicting evidence presented at trial, the jury was entitled to discredit the testimony of the plaintiff and his physicians that there was a causal relationship between the accident and the plaintiff's surgeries, and could have reasonably concluded that the surgery performed on the plaintiff's lumbar spine was not necessary (*see Batchu v 5817 Food Corp.*, 56 AD3d 402, 403 [2008]).

The plaintiff's contention concerning the denial of his request for a missing witness charge with respect to the defendants' ra-

diologist is without merit, since the plaintiff failed to make a prima facie showing that this witness would have provided material, noncumulative testimony (*see id.* at 403). The plaintiff's contention concerning the denial of his request for a missing witness charge with respect to the defendants' neurologist does not warrant a new trial, since the jury returned a verdict in the plaintiff's favor, finding that he sustained a permanent and significant limitation of use of a body part.

The defendants' remaining contention does not require reversal. Chambers, J.P., Hall, Cohen and Miller, JJ., concur.