In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Bailey-Schiffman, J.), dated October 22, 2014, which, upon a jury verdict in favor of the plaintiff and against them on the issue of liability, upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial, and upon a stipulation between the parties that the plaintiff sustained damages in the principal sum of $485,000, is in favor of the plaintiff and against them in the principal sum of $485,000.
Ordered that the judgment is reversed, on the law, with costs, *1051 the defendant’s oral application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
The plaintiff allegedly was injured when a vehicle owned by the defendant Dib Chaaya and operated by the defendant Orlit Chaaya came into contact with her. At a trial on the issue of liability, the plaintiff testified that as she walked behind the vehicle, the vehicle moved backward, struck her, and knocked her to the ground. The defendants sought to introduce into evidence an entry in the plaintiff’s hospital record stating, “Patient/Significant other states that the current problem/ reason for admission is T fell in the street look at me.’ ” Outside the jury’s presence, the nurse who prepared that document testified that the quotation marks indicated that the patient had made that statement. The Supreme Court precluded the admission into evidence of the entry in the hospital record, and precluded the nurse from testifying. The jury found in favor of the plaintiff and against the defendants on the issue of liability. The court denied the defendants’ oral application, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial. Thereafter the court issued a judgment which is in favor of the plaintiff and against the defendants in the principal sum of $485,000. The defendants appeal. We reverse the judgment and remit the matter for a new trial on the issue of liability.
The Supreme Court erred in precluding the admission of the entry in the hospital record and in precluding the testimony of the nurse. “Such records are admissible if the proponent offers either foundational testimony under CPLR 4518 (a) or certification under CPLR 4518 (c)” (Matter of Kai B., 38 AD3d 882, 884 [2007]). The defendants should have been permitted to call the nurse to testify to establish a foundation for the admission of the entry from the hospital record as a business record. A hearsay entry in a hospital record is admissible under the business records exception to the hearsay rule if the entry is germane to the diagnosis or treatment of the patient (see Robles v Polytemp, Inc., 127 AD3d 1052, 1054 [2015]; Berrios v 735 Ave. of the Ams., LLC, 103 AD3d 472 [2013]; Kamolov v BIA Group, LLC, 79 AD3d 1101, 1101 [2010]; Rodriguez v Piccone, 5 AD3d 757, 758 [2004]; see also People v Ortega, 15 NY3d 610, 617 [2010]). Further, “if the entry is inconsistent with a position taken by a party at trial, it is admissible as an admission by that party, even if it is not germane to diagnosis or treat *1052 ment, as long as there is ‘evidence connecting the party to the entry’ ” (Robles v Polytemp, Inc., 127 AD3d at 1054, quoting Coker v Bakkal Foods, Inc., 52 AD3d 765, 766 [2008]; see Berrios v TEG Mgt. Corp., 35 AD3d 775, 776 [2006]). In this case, the nurse, had she been permitted to testify, would have provided the evidence connecting the plaintiff to the entry, and, since the entry was inconsistent with the plaintiff’s position at trial, which was that she was struck by the vehicle, the entry would be admissible as a party admission. Since the Supreme Court’s errors cannot be deemed harmless, we reverse the judgment and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of liability.
The defendants’ remaining contention is without merit.
Dillon, J.P., Leventhal, Chambers and Barros, JJ., concur.