Shimukonas v City of New York (2019 NY Slip Op 07147)





Shimukonas v City of New York


2019 NY Slip Op 07147


Decided on October 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


9992 118167/09

[*1]Anthony Shimukonas, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Jason Levine, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered October 29, 2018, which denied plaintiff's motion to set aside the jury verdict awarding zero damages for past and future pain and suffering and grant a new trial on such damages, unanimously modified, on the facts, to grant the motion as to the award for past pain and suffering and direct a new trial on such damages, unless, within 30 days after entry of this order, the parties stipulate to an award of $200,000 for past pain and suffering and entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
Plaintiff sustained injuries when a New York City police officer smashed him in the nose with a bullet-proof shield after entering his apartment to execute a search warrant. After a trial, the jury found that the officer violated plaintiff's rights under the Fourth Amendment to the U.S. Constitution by using excessive force while arresting him and that the excessive force was a substantial factor in causing his injuries. However, the jury awarded plaintiff no damages for pain and suffering.
Although plaintiff waived the argument that the jury's verdict was inconsistent, he is not precluded from seeking to set aside the verdict on the ground that it is insufficient and against the weight of the evidence (see Mescall v Structure-Tone, Inc., 100 AD3d 490, 490-491 [1st Dept 2012]).
We find that the award of zero damages for future pain and suffering is not against the weight of the evidence or inadequate. The jury could reasonably have found that plaintiff's injuries had healed to the extent that he would not be afflicted with future pain (see Gribbon v Missionary Sisters of Sacred Heart, 244 AD2d 185 [1st Dept 1997]).
However, we find that the jury's failure to award damages for past pain and suffering is contrary to a fair interpretation of the evidence and deviates materially from what would be reasonable compensation (CPLR 5501[c]; see Kennett v Piotrowski, 234 AD2d 983, 984 [4th Department 1996]). The undisputed evidence establishes that plaintiff was in pain the first night after being struck, that for about two weeks after the incident his broken nose and orbital bone fractures were "kind of rough," that he could only breathe through his mouth, that he had to get [*2]medication, that he suffered "really bad" headaches, and that he required reconstructive nasal surgery as a result of his injuries. Thus, we modify to award damages for past pain and suffering to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 3, 2019
CLERK