Farrugia v 1440 Broadway Assoc. (2020 NY Slip Op 06851)





Farrugia v 1440 Broadway Assoc.


2020 NY Slip Op 06851


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 151857/12, 590634/13 Appeal No. 112436 Case No. 2020-01804 

[*1]Anthony Farrugia, Plaintiff-Appellant,
v
1440 Broadway Associates, et al., Defendants-Respondents. [And a Third-Party Action.]


Pollack Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
London Fischer, LLP, New York (Anthony F. Tagliagambe of counsel), for respondents.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered September 4, 2019, which denied plaintiff's motion to set aside a jury verdict to the extent it awarded him $50,000 in damages for past pain and suffering and no damages for future pain and suffering or future lost earnings, unanimously affirmed, without costs.
The trial court correctly denied plaintiff's motion to set aside the verdict as inconsistent, because plaintiff failed to make the motion or raise the issue before the jury was discharged (see Barry v Manglass, 55 NY2d 803, 806 [1981]; Arrieta v Shams Waterproofing, Inc., 76 AD3d [*2]495, 496 [1st Dept 2010]). In any event, we do not find the verdict inconsistent, as there was sufficient evidence in the testimony given by multiple experts on both sides to support the jury's finding, as suggested by its award of damages for past pain and suffering and economic loss but not for future claims, that plaintiff suffered an injury that resolved before the time of trial (see e.g. Knox v Piccorelli, 83 AD3d 581, 581 [1st Dept 2011]). For the same reasons, the verdict was not legally insufficient or against the weight of the evidence (see Mescall v Structure-Tone, Inc., 100 AD3d 490 [1st Dept 2012]). Nor was the award of $50,000 for past pain and suffering a material deviation from comparable awards in light of the jury's rejection of plaintiff's claim that his injuries were severe and permanent (see Crooms v Sauer Bros. Inc., 48 AD3d 380, 382 [1st Dept 2008]; So v Wing Tat Realty, Inc., 259 AD2d 373, 374 [1st Dept 1999]). The jury was entitled to accept or reject any expert's testimony in whole or in part (Crooms, 48 AD3d at 382).
The trial court correctly denied plaintiff's request for a missing witness charge, as the request was not made until after the jury was charged (see People v Gonzalez, 68 NY2d 424, 427-428 [1986]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020