Longevity Med. Supply, Inc. v Nationwide Ins. Co. (2024 NY Slip Op 50406(U))

[*1]

Longevity Med. Supply, Inc. v Nationwide Ins. Co.

2024 NY Slip Op 50406(U)

Decided on March 15, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 15, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2023-1065 K C

Longevity Medical Supply, Inc., as Assignee of Celestine, Winston, Respondent,
against
Nationwide Insurance Company, Appellant. 

Law Offices of Brian Rayhill (Lawrence Wolkow of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E. Roper, J.), entered February 8, 2023. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, insofar as is relevant to this appeal, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff's assignor was not an eligible injured person (EIP) for receipt of no-fault benefits as his injuries did not arise from the use or operation of an insured vehicle (see Insurance Law § 5103; 11 NYCRR 65-1.1 [d] [a]). Defendant contended that plaintiff's assignor's injuries were the result of an assault after the subject motor vehicle accident, relying on the truth of plaintiff's assignor's factual assertions contained within uncertified records of the Kings County Hospital Center, where plaintiff's assignor was admitted one hour after the subject accident. Conceding that the statements were hearsay, defendant's attorney argued that they were admissible as exceptions as party statements and/or statements relevant to diagnosis and treatment. By order entered February 8, 2023, insofar as appealed from, the Civil Court denied defendant's motion.
A review of the records shows that, contrary to defendant's contentions, defendant failed to establish, as a matter of law, that plaintiff's assignor was not an EIP as defined by the [*2]Insurance Law and no-fault regulations. Hospital and medical records are admissible to support a summary judgment motion if the records are certified pursuant to CPLR 4518 (c) or the proponent of the records submits foundational testimony pursuant to CPLR 4518 (a) (see Berkovits v Chaaya, 138 AD3d 1050 [2016]; Matter of Kai B., 38 AD3d 882 [2007]). Here, as plaintiff correctly contends, the hospital records were not certified and defendant failed to otherwise establish a proper foundation for their admissibility. Therefore, the statements relied upon by defendant were not admissible (see Yassin v Blackman, 188 AD3d 62 [2020]; Berkovits, 138 AD3d 1050; Matter of Kai B., 38 AD3d 882). Consequently, defendant failed to proffer competent evidence to establish, as a matter of law, its defense that plaintiff's assignor was not an EIP (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; see e.g. Psychology & Massage Therapy Assoc., PLLC v Progressive Cas. Ins. Co., 12 Misc 3d 140[A], 2006 NY Slip Op 51351[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), and defendant's motion was properly denied.
It is noted that, even if the hospital records and the statements contained therein were admissible, defendant would still not be entitled to summary judgment dismissing the complaint, as defendant's motion failed to eliminate all material questions of fact as to whether plaintiff's assignor's injuries were the result of an assault and not the result of the use or operation of a motor vehicle.
Accordingly, the order, insofar as appealed from, is affirmed. 
BUGGS, J.P., OTTLEY and HOM, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 15, 2024