■ BEST CHEESE CORPORATION, Plaintiff, v ALL-WAYS FORWARDING INT'L. INC., et al., Defendants and Third-Party Plaintiffs-Appellants. HAPAG-LLOYD CONTAINER LINIE GMBH et al., Third-Party Defendants-Respondents. [808 NYS2d 694]—

In an action to recover damages for breach of contract, negligence, tortious interference with contract, and breach of fiduciary duty, in which a third-party action was interposed for indemnification or contribution, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Westchester County (LaCava, J.), entered June 10, 2004, which granted the motion of the third-party defendants to dismiss the third-party complaint pursuant to CPLR 327 (a) on the basis of forum non conveniens.

Ordered that the order is affirmed, with costs.

Although we affirm the order appealed from, we do so on a different factual ground than the Supreme Court. In light of the exclusive and mandatory forum selection clause in the express cargo bill and sea waybills, which was, prima facie, valid and enforceable, New York was not a proper forum in which the ap-

pellants could file their third-party complaint (*see Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535, 536 [2005]; *cf. Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). The appellants made no showing that the forum selection clause was "unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching," or "that a trial in the selected forum would be so gravely difficult that the [appellants] would, for all practical purposes, be deprived of [their] day in court" (*Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]; *see Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc., supra; M/S Bremen v Zapata Off-Shore Co.*, 407 US 1, 10 [1972]; *Central National-Gottesman, Inc. v M.V. "Gertrude Oldendorff"*, 204 F Supp 2d 675, 678 [2002]).

The forum selection clause in the express cargo bill and the sea waybills was binding on the appellants as "provisions of a bill of lading issued to an intermediary . . . also bind the consignee on whose behalf the intermediary acted in arranging the shipment" (*see Jockey Intl., Inc. v M/V "Leverkusen Express"*, 217 F Supp 2d 447, 456 [2002]; *see also Stolt Tank Containers, Inc. v Evergreen Mar. Corp.*, 962 F2d 276, 279-280 [1992]; *American Home Assur. Co. v M/V Hanjin Marseilles*, 2004 WL 1197240, *3, 2004 US Dist LEXIS 9705, *9 [SD NY, June 1, 2004]). The forum selection clause was enforceable under the United States Carriage of Goods by Sea Act (46 USC Appendix §§ 1300-1315), which is applicable here, as the agreements involved the shipment of goods between a foreign port and a port in the United States (*see* 46 USC Appendix § 1312; *Reed & Barton Corp. v M/V Tokio Express*, 1999 WL 92608, *2 n 5, 1999 US Dist LEXIS 1807, *7-8 n 5 [SD NY, Feb. 22, 1999]). The forum selection clause was enforceable because it did not " 'reduce the carrier's obligations to the cargo owner below what COGSA guarantees' " and the appellants failed to meet their burden to show otherwise (*Reed & Barton Corp. v M/V Tokio Express*, 1999 WL 92608, *2, 1999 US Dist LEXIS 1807, *8-9 [SD NY, Feb. 22, 1999], quoting *Vimar Seguros y Reaseguros, S.A. v M/V Sky Reefer*, 515 US 528, 539 [1995]). Contrary to the appellants' contentions, "the fact that [the] . . . claim would be time-barred in [Germany] does not relate to the substantive law of a foreign tribunal . . . [T]he running of a statute of limitations against [it] is not a violation of COGSA," and the time bar does not present a basis for invalidating the forum selection clause (*Asoma Corp. v M/V Southgate*, 1999 WL 1115190, *3, 1999 US Dist LEXIS 18974, *8-9 [SD NY, Dec. 7, 1999] [internal quotation marks omitted]).

We note that the basis for the order dismissing the third-

party complaint is not applicable to the facts of this case. The United States Carriage of Goods by Sea Act (46 USC Appendix §§ 1300-1315), as opposed to the Hamburg Rules, governs the dispute here (*see* 46 USC Appendix §§ 1300, 1301, 1312; *Ferrostaal, Inc. v M/V Sea Phoenix*, 2004 WL 3304655,*3, 2004 US Dist Lexis 27483, *9, *11, *15 [D NJ, Dec. 14, 2004]; *Reed & Barton Corp. v M/V Tokio Express, supra* at *2 n 5 , *supra* at *7-8 n 5; UN Convention on the Carriage of Goods by Sea, Hamburg Rules arts 23, 33 [1978]; 1 Schoenbaum, Admiralty and Maritime Law § 10-11, at 624 n 24 [4th ed]). Therefore, a determination as to whether New York qualified as the port of discharge under the Hamburg Rules was not relevant to the determination of the respondents' motion.

The appellants' remaining contentions are without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur. [*See* 4 Misc 3d 487 (2004).]