■ LSPA Enterprise, Inc., et al., Appellants, v Jani-King of New York, Inc., Respondent. [817 NYS2d 657]—

In an action, inter alia, to recover damages for breach of contract and fraud, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Dunne, J.), entered August 10, 2005, which granted the defendant's motion pursuant to CPLR 3211 (a) (2) to dismiss the complaint for lack of subject matter jurisdiction.

Ordered that the order is affirmed, with costs.

The plaintiffs entered into a franchise agreement with the defendant, Jani-King of New York, Inc. (hereinafter Jani-King), a Texas corporation. Jani-King was in the business of operating and franchising professional cleaning and maintenance services companies. Under the franchise agreement, the plaintiffs would establish and operate a Jani-King franchise within a designated area of New York State using Jani-King methods, procedures and products. Regarding the litigation of any disputes between the parties, the franchise agreement, inter alia, contained a forum selection clause providing that "[j]urisdiction and venue is declared to be exclusively in Dallas County, in the State of Texas."

The plaintiffs commenced this action alleging, inter alia, breach of contract and fraud in the inducement. Jani-King moved to dismiss the action on the ground that it was improperly brought in the Supreme Court of the State of New York, Nassau County, since the parties agreed that Dallas County, Texas, would be the exclusive jurisdiction and venue for any disputes between them. The Supreme Court granted the motion. We affirm.

A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Best Cheese Corp. v All-Ways Forwarding Int'l. Inc.*, 24 AD3d 580, 581 [2005]; *Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535, 536 [2005]; *Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]). The plaintiffs failed to demonstrate that the subject clause was invalid for any of these reasons. Moreover, their contention that the forum selection clause is unenforceable merely because the complaint alleges fraud is without merit (*see Scherk v Alberto-Culver Co.*, 417 US 506, 519 [1974]). Thus, the Supreme Court properly granted Jani-King's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2).

The plaintiffs' remaining contentions are without merit. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.