(August 5, 2015)

■ Louis Casale, Individually and as Administrator of the Estate of Florian Casale, Deceased, Respondent, v Sheepshead Nursing & Rehabilitation Center, Appellant. [13 NYS3d 904]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), entered June 2, 2014, which denied its motion pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511 [d]).

From April 14, 2012, until April 21, 2012, the decedent was a resident of the defendant, Sheepshead Nursing & Rehabilitation Center, a residential health care facility located in Brooklyn. Upon the decedent's admission to the facility, the decedent's spouse, the plaintiff, Louis Casale, signed an "Admission Agreement" (hereinafter the agreement) that contained a forum selection clause reciting, in relevant part, that "[a]ny and all actions arising out of or related to this Agreement . . . shall be brought in . . . the New York State Supreme Court, located in Nassau, New York." The agreement also provided that it "shall be binding on the parties, their heirs, administrators, distributees, successors and assignees." Following the decedent's death, the plaintiff, individually and as the administrator of the decedent's estate, commenced this action against the defendant in the Supreme Court, Kings County, alleging, inter alia, causes of action to recover damages for wrongful death, negligence, and violation of the Public Health Law. Subsequently, the defendant moved pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County, based on the forum selection clause contained in the agreement. In the order appealed from, the Supreme Court denied the defendant's motion. We reverse.

" 'A contractual forum selection clause is prima facie valid

and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (*Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007], quoting *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see U.S. Mdse., Inc. v L&R Distribs., Inc.*, 122 AD3d 613, 614 [2014]; *Best Cheese Corp. v All-Ways Forwarding Int'l. Inc.*, 24 AD3d 580, 581 [2005]). Here, the plaintiff failed to show that enforcement of the forum selection clause would be unreasonable, unjust, or in contravention public policy, or that the inclusion of the forum selection clause in the agreement was the result of fraud or overreaching (*see Couvertier v Concourse Rehabilitation & Nursing, Inc.*, 117 AD3d 772, 773 [2014]; *Pratik Apparels, Ltd. v Shintex Apparel Group, Inc.*, 96 AD3d 922, 923 [2012]). Moreover, the plaintiff did not demonstrate that a trial in Nassau County would be so gravely difficult that, for all practical purposes, he would be deprived of his day in court (*see Couvertier v Concourse Rehabilitation & Nursing, Inc.*, 117 AD3d at 773).

Contrary to the plaintiff's contention, the agreement, including the forum selection clause, is binding on the parties to this litigation (*see Buhler v French Woods Festival of Performing Arts*, 154 AD2d 303, 305 [1989]; *Ellman v S&L Birchwood, LLC*, 2010 NY Slip Op 32946[U] [Sup Ct, NY County 2010]).

Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.