■ Norma Puleo, as Administratrix of the Estate of Adele Weintraub, Deceased, Respondent, v Shore View Center for Rehabilitation and Health Care et al., Defendants, and Crown Nursing Home Associates, Inc., Appellant. [17 NYS3d 501]—

In an action, inter alia, to recover damages for medical malpractice, the defendant Crown Nursing Home Associates, Inc., appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated January 9, 2015, which denied its motion to change venue of the action from Kings County to Suffolk County.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Crown Nursing Home Associates, Inc., to change venue of the action from Kings County to Suffolk County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Suffolk County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

From November 1, 2011, through December 25, 2011, with the exception of a two-week hospital stay in December 2011, the plaintiff's decedent was a resident of a residential health care facility located in Brooklyn (hereinafter the facility). Upon the decedent's admission to the facility, her daughter, the

plaintiff, signed an "Admission Agreement" (hereinafter the agreement) that contained a forum selection clause reciting, in relevant part, that "[e]ach of the parties to this Agreement irrevocably (a) submits to the exclusive jurisdiction of the courts of the State of New York in the County of Suffolk . . . for purposes of any judicial proceeding that may be instituted in connection with any matter arising under or relating to this Agreement." The agreement also provided that "[i]n addition to the parties signing this Agreement, the Agreement shall be binding on the heirs, executors, administrators, distributors, successors, and assigns of the parties." The decedent died on January 7, 2012. In January 2014, the plaintiff, as the administrator of the decedent's estate, commenced this action against, among others, Crown Nursing Home Associates, Inc. (hereinafter Crown), the operator of the facility, in the Supreme Court, Kings County, alleging causes of action to recover damages, inter alia, for medical malpractice. Several months after joinder of issue, Crown moved to change venue of the action from Kings County to Suffolk County, based on the forum selection clause contained in the agreement. The Supreme Court denied the motion, and Crown appeals.

As a threshold matter, and contrary to the plaintiff's contention, Crown was not required to serve the plaintiff with a written demand to change venue pursuant to CPLR 511 (a) before making its motion (*see Medina v Gold Crest Care Ctr., Inc.*, 117 AD3d 633, 634 [2014]; *see also Bhonlay v Raquette Lake Camps, Inc.*, 120 AD3d 1015, 1016 [2014]; *Hendrickson v Birchwood Nursing Home Partnership*, 26 AD3d 187 [2006]).

" 'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (*KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d 650, 651 [2010], quoting *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Casale v Sheepshead Nursing & Rehabilitation Ctr.*, 131 AD3d 436 [2015]; *Molino v Sagamore*, 105 AD3d 922, 923 [2013]). Here, the plaintiff failed to show that enforcement of the forum selection clause would be unreasonable, unjust, or in contravention of public policy, or that the inclusion of the forum selection clause in the agreement was the result of fraud or overreaching (*see Casale v Sheepshead Nursing & Rehabilitation Ctr.*, 131 AD3d 436 [2015]; *Couvertier v Concourse Reha-*

*bilitation & Nursing, Inc.*, 117 AD3d 772, 773 [2014]; *Public Adm'r Bronx County v Montefiore Med. Ctr.*, 93 AD3d 620, 621 [2012]). Moreover, the plaintiff failed to demonstrate that a trial in Suffolk County would be so gravely difficult that, for all practical purposes, she would be deprived of her day in court (*see Casale v Sheepshead Nursing & Rehabilitation Ctr.*, 131 AD3d 436 [2015]; *Couvertier v Concourse Rehabilitation & Nursing, Inc.*, 117 AD3d at 773; *Molino v Sagamore*, 105 AD3d at 923).

Contrary to the plaintiff's contention, the agreement, including the forum selection clause, is binding on the parties to this litigation (*see Casale v Sheepshead Nursing & Rehabilitation Ctr.*, 131 AD3d 436 [2015]; *Buhler v French Woods Festival of Performing Arts*, 154 AD2d 303, 305 [1989]).

The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have granted Crown's motion to change venue of the action from Kings County to Suffolk County. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.