Sherrod v Mount Sinai St. Luke's (2022 NY Slip Op 02826)

Sherrod v Mount Sinai St. Luke's

2022 NY Slip Op 02826

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-08033
 (Index No. 56284/20)

[*1]Frances Sherrod, etc., appellant,
v
Mount Sinai St. Luke's, et al., defendants, New Jewish Home, respondent.

Morton Povman, P.C., Forest Hills, NY (Bruce S. Povman of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, New York (David Bloom of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated September 22, 2020. The order granted the motion of the defendant New Jewish Home to change the venue of the action from Bronx County to Westchester County.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant New Jewish Home to change the venue of the action from Bronx County to Westchester County is denied, and the Clerk of the Supreme Court, Westchester County, is directed to deliver to the Clerk of the Supreme Court, Bronx County, all papers filed in this action and certified copies of all minutes and entries (see CPLR 511[d]).
The plaintiff, as temporary administrator of the estate of his father, Frank Anderson (hereinafter the decedent), commenced this action against a hospital and the New Jewish Home (hereinafter the defendant), a rehabilitation center. The complaint alleged that the decedent received treatment and care at locations operated by the defendants in New York County, and asserted causes of action sounding in, inter alia, negligence, medical malpractice, and wrongful death.
The action was commenced in Bronx County. The basis of venue was the plaintiff's residence. The defendant subsequently moved, in the Supreme Court, Westchester County, pursuant to CPLR 501, 510, and 511, to change the venue of the action from Bronx County to Westchester County. The basis for the change of venue was a venue selection clause contained in an admission agreement (hereinafter the admission agreement) which was allegedly signed by the decedent's wife, Ruby Anderson (hereinafter Anderson), a nonparty to this action.
Although the defendant submitted a copy of the admission agreement, it did not provide an affidavit from anyone who signed the agreement, who was present when it was signed, or who otherwise claimed to have personal knowledge of that agreement. The admission agreement was not signed by the plaintiff or the decedent, and it did not identify or include the names of the plaintiff or the decedent anywhere on that document. The preamble at the beginning of the [*2]admission agreement, in particular, was left blank. The defendant did not provide an affidavit from the individual who allegedly executed the admission agreement on its behalf, nor did it provide the name or identity of that individual. The spaces left on the signature page for the "Name" and "Title" of that unknown individual were left blank. The defendant submitted no evidence to show that the decedent was present when the admission agreement was signed, or that he was ever made aware of its existence.
In the order appealed from, dated September 22, 2020, the Supreme Court, Westchester County, granted the defendant's motion and transferred the action to Westchester County. The plaintiff appeals, contending that the defendant failed to establish the existence of an agreement between the parties on the issue of venue, and that the court erred in binding her to a forum selection clause that was contained in an agreement which was not signed by her or the decedent, and which was not otherwise enforceable against her or the decedent.
"Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534; see CPLR 501). "Such clauses are prima facie valid and enforceable unless shown by the resisting party to be unreasonable" (Brooke Group v JCH Syndicate 488, 87 NY2d at 534; see LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395). "Forum selection clauses are enforced because they provide certainty and predictability in the resolution of disputes, particularly those involving international business agreements" (Brooke Group v JCH Syndicate 488, 87 NY2d at 534).
On appeal, the plaintiff contends that the party seeking to enforce a contract which contains a forum selection clause must demonstrate, in the first instance, the existence and terms of that contract (see CPLR 501; Amica Mut. Ins. Co. v Kingston Oil Supply Corp., 134 AD3d 750, 752; Paz v Singer Co., 151 AD2d 234, 235; see also Taft v Little, 178 NY 127, 133-134; Marand Constr. Corp. v Rapid Rehabilitation Corp., 61 AD2d 1041, 1041). It is true that "[a] private document offered to prove the existence of a valid contract cannot be admitted into evidence unless its authenticity and genuineness are first properly established" (NYCTL 1998-2 Trust v Santiago, 30 AD3d 572, 573; see Fairlane Fin. Corp. v Greater Metro Agency, Inc., 109 AD3d 868, 870). Here, however, the plaintiff's challenge to the admissibility of the copy of the admission agreement that was submitted by the defendant in support of its motion to change venue (see CPLR 4518[a]; Garces v Windsor Plaza, LLC., 189 AD3d 539, 539; Clarke v American Truck & Trailer, Inc., 171 AD3d 405, 406; cf. Bank of Am., N.A. v Ball, 188 AD3d 974, 974-975; Merzon v Merzon, 210 AD2d 462, 463-464), raised for the first time on appeal, is not properly before this Court (see Wachovia Mtge. FSB v Macwhinnie, 175 AD3d 1587, 1590; see also Deutsche Bank Trust Co. Ams. v Marous, 186 AD3d 669, 672; Perez v City of New York, 104 AD3d 661, 662; Marinkovic v IPC Intl. of Ill., 95 AD3d 839, 839; Lowe v Meacham Child Care & Learning Ctr., Inc., 74 AD3d 1029, 1030; Joseph v New York City Tr. Auth., 66 AD3d 842, 844; Ross v Gidwani, 47 AD3d 912, 913).
The plaintiff also contends that the admission agreement was not enforceable against her or the decedent. In addition to demonstrating the existence and terms of a contractual forum selection clause (cf. Lischinskaya v Carnival Corp., 56 AD3d 116, 123), the proponent of a such a clause must also demonstrate, prima facie, that it is enforceable against the other party (see Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d 436, 436). Indeed, a forum selection clause contained in a contract is "prima facie valid and enforceable" (Brooke Group v JCH Syndicate 488, 87 NY2d at 534), but only with respect to "[the] parties to [that] contract" (id. [emphasis added]; see Camacho v IO Practiceware, Inc., 136 AD3d 415, 416; Braverman v Yelp, Inc., 128 AD3d 568; see also Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d at 652; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d at 436). As a general matter, "only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement" (Freeford Ltd. v Pendleton, 53 AD3d 32, 38; see Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d 401, 401; Bernstein v Wysoki, 77 AD3d 241, 251). Accordingly, unless a recognized exception applies, the "general rule" is that "a forum selection clause may not be enforced against a nonsignatory" (Lantau Holdings Ltd. v Orient Equal Intl. Group Ltd., 161 AD3d 714, 714; see Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d at 401; [*3]accord Matter of Belzberg v Verus Investments Holdings Inc., 21 NY3d 626, 630; McCarthy v Sea Crest Health Care Ctr., LLC, 189 AD3d 818, 819).
Here, it is undisputed that neither the decedent nor the plaintiff signed the admission agreement (cf. Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d at 652; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d at 436). However, the defendant maintained that the decedent was bound to the admission agreement by the signature of his wife, Anderson, who "met the criteria to be the decedent's designated representative." This contention is without merit.
An admission agreement may be enforced against an individual where it was properly executed by that individual's "designated representative" (Sunshine Care Corp. v Warrick, 100 AD3d 981, 982). As relevant here, "[d]esignated representative shall mean the individual or individuals designated in accordance with [10 NYCRR 415.2(f)] to receive information and to assist and/or act in behalf of a particular resident to the extent permitted by State law" (10 NYCRR 415.2[f]). The subdivision lists three ways in which a designation may occur (see id. § 415.2[f][1][i]-[iii]).
As the plaintiff correctly contends, the defendant failed to establish that Anderson was properly designated in any of the three ways authorized by applicable law (see id.). First, there is no evidence that Anderson was appointed to be the decedent's designated representative "by a court of law" (id. § 415.2[f][1][i]). Second, there is no evidence in the record to support a finding that the decedent himself actually manifested any intention to have Anderson act on his behalf as his designated representative (see id. § 415.2[f][1][ii]). Finally, contrary to the defendant's contention, it also failed to demonstrate that the requirements of 10 NYCRR 415.2(f)(1)(iii) were met. That subdivision is only applicable "if the resident lacks the capacity to make [a] designation" (id.). In this regard, the defendant contended that the "medical records" that it submitted in support of its motion demonstrated that "the decedent was admitted with a diagnosis of dementia" and thus lacked the capacity to make his own designation.
In opposition to the defendant's motion, the plaintiff challenged the admissibility of the medical records submitted by the defendant. As the plaintiff correctly contended, "[t]he proponent of hearsay evidence must establish the applicability of a hearsay-rule exception" (Tyrrell v Wal-Mart Stores, 97 NY2d 650, 652; see Memenza v Cole, 131 AD3d 1020, 1022). As relevant here, hospital and other medical records "are admissible if the proponent offers either foundational testimony under CPLR 4518(a) or certification under CPLR 4518(c)" (Matter of Kai B., 38 AD3d 882, 884; see Berkovits v Chaaya, 138 AD3d 1050, 1051).
In this case, the defendant did not dispute that the records were subject to the rule against hearsay, or deny that the medical records it provided were uncertified (see CPLR 4518[c]). Nor did the defendant attempt to lay a foundation for their admission as business records (see id. § 4518[a]; Bank of New York Mellon v Gordon, 171 AD3d 202, 205). Under the circumstances, the Supreme Court should not have relied upon the records submitted by the defendant to support its factual assertion that the decedent "lack[ed] the capacity to make [a] designation" at the time that the admission agreement was allegedly entered into on his behalf (10 NYCRR 415.2[f][1][iii]; see generally Grasso v Angerami, 79 NY2d 813, 814; Matter of Saber v Saccone, 192 AD3d 1400, 1402; Anghel v Ruskin Moscou Faltischek, P.C., 190 AD3d 906, 908; Matter of Johnson v Johnson, 146 AD3d 954, 955; Green v Domino's Pizza, LLC, 140 AD3d 546, 546; Rampersaud v Eljamali, 100 AD3d 508, 509; Shafi v Motta, 73 AD3d 729, 730; Vickers v Francis, 63 AD3d 1150, 1151; Matter of Columbia County Support Collection Unit v Demers, 29 AD3d 1092, 1093). Since 10 NYCRR 415.2(f)(1)(iii) is only applicable "if the resident lacks the capacity to make [a] designation," we need not consider whether the defendant satisfied the additional requirements of 10 NYCRR 415.2(f)(1)(iii).
Contrary to the Supreme Court's determination, the record did not establish that Anderson "met the criteria to be the decedent's designated representative" (see id. § 415.2[f][1][i]-[iii]). Accordingly, that status could not confer upon her the authority to enter into the admission agreement on behalf of the decedent (cf. Caio v Throgs Neck Rehabilitation & Nursing Ctr., 197 AD3d 1030, 1030-1031; Hendricks v Wayne Ctr. for Nursing & Rehabilitation, 194 AD3d 648, 648-[*4]649).
As a first alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546), the defendant contends that it demonstrated that it reasonably relied upon Anderson's apparent authority to execute the admission agreement on behalf of the decedent. This contention is also without merit.
"The mere creation of an agency for some purpose does not automatically invest the agent with 'apparent authority' to bind the principal without limitation" (Ford v Unity Hosp., 32 NY2d 464, 472). "An agent's power to bind [the] principal is coextensive with the principal's grant of authority" (id. at 472). A party that "deals with an agent does so at [its] peril, and must make the necessary effort to discover the actual scope of authority" (id.).
"Upon failure to properly determine the scope of authority, and in the face of damages resulting from an agent's misrepresentations, 'apparent authority' is not automatically available to the injured third party to bind the principal" (id. at 472-473). "Rather, the existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal—not the agent" (id. at 473). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (Hallock v State of New York, 64 NY2d 224, 231; see generally Restatement [Third] of Agency § 2.03). "In such circumstances, the third party's reasonable reliance upon the appearance of authority binds the principal" (Standard Funding Corp. v Lewitt, 89 NY2d 546, 551).
Here, the defendant failed to demonstrate that it reasonably relied upon any word or action of the decedent to conclude that Anderson had the apparent authority to enter into the admission agreement on his behalf (see generally Hallock v State of New York, 64 NY2d at 231; Ford v Unity Hosp., 32 NY2d at 473). To the extent that the defendant contended that it reasonably relied upon Anderson's own act of signing the admission agreement, this contention is also without merit. As indicated above, Anderson could not "by [her] own acts imbue [her]self with apparent authority" (Hallock v State of New York, 64 NY2d at 231; see Standard Funding Corp. v Lewitt, 89 NY2d at 551-552; Ford v Unity Hosp., 32 NY2d at 473).
Finally, as a second alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 545-546), the defendant contends that it demonstrated that the admission agreement was enforceable against the non-signatory decedent on the ground that he was a third-party beneficiary of that agreement. This contention is without merit.
Courts have long recognized that "a nonparty may invoke a forum selection clause" to bind a party to an agreement containing such a clause (Freeford Ltd. v Pendleton, 53 AD3d at 38; see Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d at 401; Bernstein v Wysoki, 77 AD3d at 251), where the nonparty "is a third-party beneficiary of the agreement" (Freeford Ltd. v Pendleton, 53 AD3d at 39; see Bernstein v Wysoki, 77 AD3d at 251). However, this is not a case where a non-signatory is seeking to enforce an agreement against a party to that agreement. Rather, the defendant in this case is seeking to enforce an agreement against a non-signatory (see generally Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d at 401). The defendant has failed to cite to any legal authority to support the application of the third-party beneficiary doctrine under the circumstances present here. Contrary to the defendant's contention, it failed to demonstrate that the decedent lacked the capacity to enter into the admission agreement on his own behalf (cf. Buhler v French Woods Festival of Performing Arts, 154 AD2d 303, 305), and there is no evidence that he was ever made aware of it, or consented to its terms (cf. Matter of Belzberg v Verus Invs. Holdings Inc., 21 NY3d at 630-631; McCarthy v Sea Crest Health Care Ctr., LLC, 189 AD3d at 820; Highland Crusader Offshore Partners, L.P. v Targeted Delivery Tech. Holdings, Ltd., 184 AD3d 116, 122-123; Matter of Long Is. Power Auth. Hurricane Sandy Litig., 165 AD3d 1138, 1141; Universal Inv. Advisory SA v Bakrie Telecom Pte., Ltd., 154 AD3d 171, 178-179; Tate & Lyle Ingredients Ams., Inc. v Whitefox Tech. USA, Inc., 98 AD3d at 402-403). [*5]Accordingly, the defendant's second alternative ground for affirmance is without merit.
In light of the foregoing, we reverse the order appealed from.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court