In Ink Ghostwriting, LLC v Fener (2022 NY Slip Op 51257(U))

[*1]

In Ink Ghostwriting, LLC v Fener

2022 NY Slip Op 51257(U) [77 Misc 3d 134(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2022-372 K C

In Ink Ghostwriting, LLC,
Appellant,
against
Dianne Fener, Respondent. 

In Ink Ghostwriting, LLC, appellant pro se.
Anthony W. Vaughn, Jr., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County,
(Derefim B. Neckles, J.), entered March 9, 2022. The order granted defendant's motion
to dismiss the action.

ORDERED that the order is affirmed, without costs.
In this commercial claims action, plaintiff seeks to recover the principal sum of
$9,427.50 based on defendant's alleged breach of a contract. It is undisputed that, in
March 2021, the parties entered into a letter agreement (the contract), pursuant to which
plaintiff agreed to provide editing and/or ghostwriting services for defendant for an
hourly fee. After defendant terminated the contract, plaintiff commenced this commercial
claims action in Civil Court, Kings County, to collect allegedly unpaid fees.
Defendant moved to dismiss the action, alleging lack of jurisdiction, and submitted a
copy of the contract in support of her motion. The contract included the following
provisions:
"Dispute Resolution. In the unlikely event of a dispute or
controversy between us, and subject to the requirements of applicable New York law,
you agree that any dispute or [*2]controversy between us
or arising under or relating to or connected with this Agreement shall be resolved
exclusively by binding arbitration in the City of White Plains, County of Westchester,
State of New York . . . . Any order from any such arbitrator may be enforced solely and
exclusively in the Supreme Court, in the State of New York, in the County of
Westchester . . . .
. . .
Provided
however, that notwithstanding the foregoing, in the event that any such dispute may be
heard by a small claims court, then either party hereto has the exclusive right to choose to
seek a remedy in a small claims court.
For purposes of (a)
such dispute resolution and (b) the enforcement of all of the terms of this Agreement, you
consent to exclusive and sole jurisdiction in Westchester County, New York, and waive
any claim of inconvenient forum."
Plaintiff opposed defendant's motion, arguing that the contract specifically
entitled it to proceed in any small claims court that had jurisdiction, and that, since
defendant resided in Kings County, the court had jurisdiction (see CCA 1801-A
[a]). Plaintiff presented evidence, which defendant did not dispute, that the contract had
been negotiated. The Civil Court granted defendant's motion.
The Civil Court based its dismissal, in part, upon the clause of the contract which
designates Westchester County as the sole jurisdiction for litigating disputes under the
contract. Contractual forum selection clauses are prima facie valid and enforceable unless
shown by the challenging party to be unreasonable, unjust, invalid due to fraud or
overreaching, or to present such grave difficulties as to effectively deprive the
challenging party of its day in court (see Puleo v Shore View Ctr. for Rehabilitation
& Health Care, 132 AD3d 651, 652 [2015]; see also Sherrod v Mount Sinai
St. Luke's, 204 AD3d 1053, 1054-1055 [2022]). Plaintiff made no such showing.

To the extent that plaintiff claims that dismissal of this action renders meaningless
the clause of the contract pertaining to small claims actions, we note that that clause
merely provides that, "in the event" that a dispute between the parties "may be
heard by a small claims court" (emphasis added), the parties have the right to choose
such a forum. It neither negates the contractual provision that limits jurisdiction to
Westchester County, nor confers a right on the parties to proceed in a small claims court
outside of Westchester County. We thus conclude that the dismissal of this Civil Court,
Kings County, commercial claims action rendered substantial justice between the parties
according to the rules and principles of substantive law (see CCA 1804-A,
1807-A).
We reach no other issue.
Accordingly, the order is affirmed.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022