Reynolds v JOPAL Bronx, LLC (2023 NY Slip Op 04145)

Reynolds v JOPAL Bronx, LLC

2023 NY Slip Op 04145

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-08371
 (Index No. 63304/20)

[*1]Dominique Warner Reynolds, etc., respondent,
v
JOPAL Bronx, LLC, appellant, et al., defendant.

Kaufman Borgeest & Ryan, LLP, Valhalla, NY (Jacqueline Mandell of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendant JOPAL Bronx, LLC, appeals from an order of the Supreme Court, Westchester County (James W. Hubert, J.), dated October 26, 2021. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 501, 510(1), and 511(b) to change the venue of the action from Bronx County to Westchester County.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant JOPAL Bronx, LLC, which was pursuant to CPLR 501, 510(1), and 511(b) to change the venue of the action from Bronx County to Westchester County is granted, and the Clerk of the Supreme Court, Bronx County, is directed to deliver to the Clerk of the Supreme Court, Westchester County, all papers filed in the action and certified copies of all minutes and entries (see CPLR 511[d]).
In October 2019, the plaintiff commenced this action, inter alia, to recover damages for personal injuries and wrongful death in the Supreme Court, Bronx County, on behalf of the estate of her mother, Dolores Warner (hereinafter the decedent), against the defendants JOPAL Bronx, LLC (hereinafter the Care Center), and Montefiore Medical Center (hereinafter the hospital). The plaintiff alleged, inter alia, that the decedent sustained personal injuries and ultimately died as a result of treatment and services rendered to the decedent by the Care Center and the hospital. Thereafter, the Care Center moved in Westchester County, among other things, to change the venue of the action from Bronx County to Westchester County. The plaintiff opposed. The hospital took no position on the motion. As is relevant to the appeal, in an order dated October 26, 2021, the Supreme Court denied that branch of the Care Center's motion which was to change the venue of the action. The Care Center appeals.
"'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court'" (Stravalle v Land Cargo, Inc., 39 AD3d 735, 736, quoting LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395). Here, in support of its motion, the Care Center submitted, inter alia, an Admission Agreement (hereinafter the Agreement) between the Care Center and the decedent, which the plaintiff signed as the decedent's designated representative upon the decedent's [*2]admission to the Care Center in October 2016. A forum selection clause in the Agreement provides, in relevant part, that "the parties agree that litigation arising hereunder shall be submitted to the exclusive jurisdiction of the state courts in the County of Westchester, State of New York." The Agreement also provides that it "shall be binding on the parties, their heirs, administrators, distributees, successors and assignees." The plaintiff did not dispute that she signed the Agreement, nor did she deny that she was the decedent's designated representative. Accordingly, the forum selection provisions in the Agreement are binding on the parties to this litigation (see Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 653; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d 436, 436).
Contrary to the determination of the Supreme Court, the plaintiff was required to show that enforcement of the forum selection clause would be unreasonable, unjust, or would contravene public policy, or that the forum selection clause was the result of fraud or overreaching (see Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d at 653; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d at 437). Here, the plaintiff failed to do so.
Accordingly, the Supreme Court should have granted that branch of the Care Center's motion which was pursuant to CPLR 501, 510(1), and 511(b) to change the venue of the action from Bronx County to Westchester County.
The Care Center's remaining contentions either are not properly before the Court or need not be addressed in light of our determination.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court