Johnson v Seagate Rehabilitation & Nursing Ctr. (2024 NY Slip Op 00620)

Johnson v Seagate Rehabilitation & Nursing Ctr.

2024 NY Slip Op 00620

Decided on February 7, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-03635
 (Index No. 609432/21)

[*1]Tavon Johnson, respondent, 
v
Seagate Rehabilitation and Nursing Center, appellant.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (James P. Connors and Amy E. Bedell of counsel), for appellant.
Michael N. David, New York, NY (Michael B. Thomas, Jr., of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered April 27, 2022. The order denied, with prejudice, the defendant's motion pursuant to CPLR 501 and 511 to change the venue of the action from Kings County to Nassau County.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 501 and 511 to change the venue of the action from Kings County to Nassau County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see id. § 511[d]).
In April 2021, the plaintiff commenced this action in the Supreme Court, Kings County, inter alia, to recover damages for personal injuries he alleged he sustained as a result of negligence and improper treatment and services rendered to him by the defendant. The plaintiff asserted causes of action alleging negligence and violation of Public Health Law § 2801-d. The defendant answered and thereafter moved to change the venue of the action from Kings County to Nassau County. The plaintiff opposed. In an order entered April 27, 2022, the Supreme Court denied the defendant's motion with prejudice. The defendant appeals. We reverse.
"'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court'" (Stravalle v Land Cargo, Inc., 39 AD3d 735, 736, quoting LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395). Here, in support of its motion, the defendant submitted, inter alia, an admission agreement, dated December 30, 2020 (hereinafter the agreement), which the defendant contended was entered into by the parties and signed electronically by the plaintiff. The agreement contains a forum selection clause which provides, in relevant part, that "[a]ny and all actions arising out of or related to this Agreement shall be brought in, and the parties agree to exclusive jurisdiction [*2]of, the New York State Supreme Court, located in Nassau County, New York."
In opposition to the defendant's prima facie showing of the parties' agreement which includes a forum selection clause, the plaintiff was required to show that enforcement of the forum selection clause would be unreasonable, unjust, or would contravene public policy, or that the forum selection clause was the result of fraud or overreaching (see Puleo v Shore View Ctr. for Rehablitation & Health Care, 132 AD3d 651, 653; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d 436, 437). Here, the plaintiff failed to do so.
The plaintiff's contentions that the forum selection clause is unconscionable and that the agreement is a contract of adhesion are improperly raised for the first time on appeal. The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted the defendant's motion to change the venue of the action from Kings County to Nassau County.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court