Crosdale v Brookdale Univ. Hosp. & Med. Ctr. (2025 NY Slip Op 50206(U))

[*1]

Crosdale v Brookdale Univ. Hosp. & Med. Ctr.

2025 NY Slip Op 50206(U)

Decided on February 19, 2025

Supreme Court, Kings County

Melendez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 19, 2025
Supreme Court, Kings County

Pearl Crosdale, Plaintiff,

against
The Brookdale University Hospital and Medical Center and RIVER MANOR CORP. d/b/a ATRIUM CENTER FOR REHABILITATION AND NURSING, Defendants.

Index No. 522065/2024

Plaintiff
Michael Fields, Esq. (mfields&commat;napolilaw.com)
Napoli Shkolnik PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
212-397-1000
Defendant The Brookdale University Hospital and Medical Center
Annalisa Acampora, Esq. (annalisa&commat;aclevlaw.com)
Acampora & Levine
1615 Merrick Rd
Merrick, NY 11566
516-407-3400
Defendant River Manor Corp. d/b/a Atrium Center for Rehabilitation and Nursing
Michael Richard Janes, Esq. (mjanes&commat;kerleywalsh.com)
Kerley Walsh Matera & Cinquemani P.C.
2174 Jackson Avenue
Seaford, NY 11783
516-409-6200

Consuelo Mallafre Melendez, J.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:
NYSCEF #s: 13 — 22, 27, 44 — 45, 51 — 52
Defendant River Manor Corp. d/b/a Atrium Center for Rehabilitation and Nursing ("Atrium Center") moves (Seq. No. 1) for an Order, pursuant to CPLR 501, 510, and 511, to change the venue of this action from Kings County to Nassau County.
Plaintiff opposes the motion. Co-defendant The Brookdale University Hospital and Medical Center ("Brookdale Hospital") submits an affirmation in support of Atrium Center's motion to change venue.
Plaintiff commenced this action on August 15, 2024, asserting claims of medical malpractice for treatment rendered by Brookdale Hospital and Atrium Center. Following her discharge from Brookdale Hospital, Plaintiff resided at Atrium Center, a subacute care and nursing home facility, beginning on March 9, 2022. Her underlying claims against Atrium Center involve the alleged development and deterioration of pressure ulcers.
On October 1, 2024, Atrium Center served a demand for change of place of trial with their Answer. They filed this motion (Seq. No. 1) to change venue on October 15, 2024, within 15 days of the demand. The motion is therefore timely and in compliance with CPLR 511 (a) and (b), regardless of whether such demand is required when the motion is based on a forum selection clause (see Allen v Morningside Acquisition I, LLC, 205 AD3d 861, 863-864 [2d Dept 2022]; Puleo v Shore View Ctr. for Rehabilitation and Health Care, 132 AD3d 651, 652 [2d Dept 2015]).
Plaintiff designated Kings County as the venue for this action based on the principal place of business of defendant Brookdale Hospital. It is also the county in which Plaintiff resides and the place of business of Atrium Center. Atrium Center seeks to change venue to Nassau County on the basis of a contractual agreement, which was executed by Plaintiff's son, a non-party in this action.
In support of their motion to change venue, Atrium Center submits an admission agreement signed by Plaintiff's son, Trevor Crosdale, on March 9, 2022. The space for the resident to sign is left blank. Below her son's signature, he is identified as "Sponsor (if spouse) or Resident Representative." The admission agreement is also signed by Nicolleen Brown Small ("Small"), an employee and admissions coordinator of Atrium Center. The agreement contains a clause providing "Any and all actions arising out of or related to this Agreement against the Facility shall be brought in, and the parties agree to exclusive jurisdiction of, the New York State Supreme Court located in Nassau County, New York."
Atrium Center submits an affidavit from Small, who states the document was executed in the regular course of business as "a requirement for each resident's admission." She states that as part of her regular business and practice, she "would have inquired with [Plaintiff's son] regarding his relationship to the resident and he would have confirmed both that he was the resident's son and that he was authorized to sign admissions agreement as designated representative for his mother." She states that she "assumed that he had the authority" to bind Plaintiff to the agreement "based upon such representations" from Plaintiff's son.
CPLR 501 provides that a contractual provision fixing the place of trial is enforceable upon motion, subject to consumer goods exceptions which are not applicable here. "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (Puleo v Shore View Ctr., at 652 [internal quotation marks and citations omitted]). Generally, forum selection clauses are enforceable in the context of nursing home admission agreements, where the actions assert medical malpractice, negligence, or Public Health Law violations arising from the admission (see Couvertier v Concourse Rehabilitation and Nursing, [*2]Inc., 117 AD3d 772, 773 [2d Dept 2014]).
The proponent of the motion has the initial burden of establishing the agreement's authenticity (see Knight v New York and Presbyterian Hospital, - NE3d -, 2024 NY Slip Op 05870 [2024]). The proponent also must establish prima facie that the agreement is enforceable against the other party, as the Second Department has held:
"[A] forum selection clause contained in a contract is prima facie valid and enforceable, but only with respect to the parties to that contract. As a general matter, only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement. Accordingly, unless a recognized exception applies, the general rule is that a forum selection clause may not be enforced against a nonsignatory. (Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1056-1057 [2d Dept 2022] [internal quotation marks and citations omitted].)
In Sherrod, a plaintiff brought an action against a nursing facility, as administrator of his deceased father's estate. The facility sought to enforce a forum selection clause in their admission agreement. That agreement, however, was not signed by the decedent or by the plaintiff-administrator, his son. It was allegedly signed by the decedent's wife, a non-party in the action, purported to be his "designated representative" at the time. The court also noted that the moving defendant "submitted no evidence to show that the decedent was present when the admission agreement was signed, or that he was ever made aware of its existence" (id., at 1054).
As held in Sherrod, an admission agreement to a health care facility "may be enforced against an individual where it was properly executed by that individual's 'designated representative'" (id., at 1057). However, that designation requires a showing that the signatory had the actual authority to act on the resident's behalf in one of the three ways outlined in 10 NYCRR 415.2 (f) (1):
"(i) by a court of law when the designation of an individual, committee or guardian has been sought;
(ii) by the resident if the resident has the capacity to make such designation; or
(iii) by family members and other parties who have an interest in the well-being of the resident who, after discussion with the facility, identify the individual or individuals most personally involved in the resident's care, if the resident lacks the capacity to make such designation." (10 NYCRR 415.2 [f] [1].)
No adequate showing had been made in Sherrod that the decedent's wife was "properly designated in any of the three ways authorized by applicable law" (id., at 1056). Thus, there was no evidentiary basis that she had the actual authority to act as his representative and bind him to a particular clause of the admission agreement.
In Casale v Sheepshead Nursing & Rehabilitation Ctr. (131 AD3d 436 [2d Dept 2015]), the older Second Department case cited by movant, there was no real dispute that the signatory of the admission agreement met the criteria to be the resident's "designated representative." Although it was not addressed extensively in the appellate decision, the facts underlying that case indicated the decedent lacked capacity when the forms were signed by her husband. A more significant fact was the signatory was also the plaintiff in that action himself, individually and as administrator of the deceased resident's estate. The Second Department therefore found the agreement was "binding on the parties to this litigation," citing a case where an infant was bound [*3]by the agreement signed by their parent and guardian. The court expressly distinguished Casale from their later decision in Sherrod, partly because in the latter case, "neither the decedent nor the plaintiff signed the admission agreement" (Sherrod, at 1056).
The Second Department analyzed a similar case in Quarterman v River Manor Corp. (219 AD3d 514 [2d Dept 2023]). In that action, the admission agreement containing the forum selection clause "was not signed by either the plaintiff or the decedent," but by a granddaughter of the resident (id., at 516, cf. Casale, at 436). As in Sherrod, the court held that the movant did not meet their initial burden of showing the contract was enforceable, as they submitted "no evidence to establish that [the granddaughter] had actually been designated as the decedent's 'designated representative' pursuant to any of the criteria set forth in 10 NYCRR 415.2 (f)" when the agreement was signed.
Here, the movant has provided the admission agreement bearing the signature of Plaintiff's son and the admissions coordinator, and Plaintiff has submitted no evidence to rebut the authenticity of the writing (Knight, 2024 NY Slip Op 05870). But the movant has not established that Plaintiff's son, a non-party in this action, was her "designated representative" by any of the defined methods in 10 NYCRR 415.2 (f).
First, there is no evidence in the record that the resident in this case — who is currently alive and the sole Plaintiff in this action — was appointed a guardian or committee by a court of law, pursuant to 10 NYCRR 415.2 (f) (i). Alternatively, the movant has not established that Plaintiff herself designated her son as her representative. The Small affidavit alludes to representations made by her son, but there is no mention of any words or conduct from Plaintiff authorizing him to represent her, pursuant to 10 NYCRR 415.2 (f) (ii). Finally, the movant Atrium Center provides no evidence that Plaintiff lacked capacity to designate a representative, and as such, "we need not consider whether the defendant satisfied the additional requirements of 10 NYCRR 415.2 (f) (iii)" (Sherrod, at 1057).
The moving papers fail to provide any evidence that Plaintiff's son was either (a) appointed by a court, (b) designated by Plaintiff, or (c) designated by himself and other parties with an interest in Plaintiff's well-being because she lacked the capacity to make such designation. Thus, the submissions in the record do not establish that Plaintiff's son met any of the criteria which would "confer upon [him] the authority to enter into the admission agreement" on her behalf, and therefore the movant has failed to demonstrate that he had actual authority to bind her to the forum selection clause in the agreement (Sherrod, at 1057-1058).
On the movant's argument that Plaintiff's son had the "apparent authority" to represent her, the decision in Sherrod is also on point. The law is clear that "apparent authority" arises not from the alleged agent but the actions of the principal. "[T]he existence of 'apparent authority' depends upon a factual showing that the third party relied upon the misrepresentations of the agent because of some misleading conduct on the part of the principal — not the agent" (Sherrod, at 1058, quoting Ford v Unity Hospital, 32 NY2d 464 [1973]). It is fundamental to this doctrine is that the principal is bound "only where he was responsible for the appearance of authority in the agent," and "it cannot be established by the unauthorized acts, representations or conduct of the agent" (Ford, at 473 [emphasis added]). In another case involving a nursing home agreement with an arbitration clause, the Second Department held that "apparent authority" could not arise solely from the acts of the resident's daughter or the fact she was her child (Lisi v New York Ctr. for Rehabilitation and Nursing, 225 AD3d 590, 592 [2d Dept 2024]).
The supporting affidavit from Small indicates that before witnessing and signing the [*4]agreement, she "would have inquired with" Plaintiff's son and "he would have confirmed" his authority as "designated representative for his mother" (emphasis added). Notwithstanding whether her affidavit is based on personal recollection or general custom and practice, she sets forth only that she would have relied on representations of Plaintiff's son. Her affidavit is wholly silent on any conduct from Plaintiff herself which led Small to perceive Plaintiff's son as her authorized agent or representative. The movant's argument that Plaintiff's son had "apparent authority" to the admissions coordinator at Atrium Center based on his representations alone is insufficient as a matter of law. "The agent cannot by his own acts imbue himself with apparent authority" (Hallock v State of New York, 64 NY2d 224, 231 [1984]; see also Lisi, at 592).
Lastly, the movant argues that Plaintiff should be bound to the forum selection clause as a beneficiary of the admission agreement. As addressed by the Second Department in Sherrod, the case law which supports a third-party beneficiary of an agreement enforcing its forum selection clause must be distinguished from a forum selection clause being enforced against a nonsignatory (see Sherrod, at 1059; cf. Bernstein v Wysoki, 77 AD3d 241 [2d 2010]). The cases cited by the movant involve arbitration clauses binding nonsignatories "under the direct benefits theory of estoppel" where the non-signing party "knowingly exploit[ed] the benefits" of the agreement. Here, the movant has not shown evidence Plaintiff knowingly exploited or was even aware of the provisions of the agreement (Sherrod, at 1059, citing McCarthy v Sea Crest Health Care Ctr., LLC, 189 AD3d 818 [2d Dept 2020]).
Contrary to the movant's argument in reply, they had the burden of establishing the contract's forum selection clause was enforceable against Plaintiff, despite not being signed by her, in the first instance (see Lisi, at 592; Quarterman, at 516; Sherrod, at 1055-1056). As they failed to make that prima facie showing, the burden does not shift to Plaintiff to provide an affidavit or other evidence her son did not have the authority or that he "never made such representations" to Small. In fact, whether Plaintiff's son gave Small the impression that he was Plaintiff's designated representative is immaterial. Small's affidavit never addresses any acts or representations made to her by Plaintiff, nor provide any other evidence that Plaintiff's son met the criteria to bind her to the agreement as her designated representative.
For this reason, the Court finds the movant failed to demonstrate the forum selection clause is enforceable against Plaintiff, and the motion to change venue is denied. The Court need not reach Plaintiff's other arguments that enforcing the clause would be unreasonable, unjust, in contravention of public policy, or impose a gravely difficult burden on Plaintiff.
Brookdale Hospital's "affirmation in further reply" is not considered herein, as they are not the movant and were not permitted to file further reply papers.
Accordingly, it is hereby:
ORDERED that Defendant Atrium Center's motion (Seq. No. 1) for an Order, pursuant to CPLR 501, 510, and 511, to change the venue of this action from Kings County to Nassau County, is DENIED.
This constitutes the decision and order of this Court.
ENTER.
Hon. Consuelo Mallafre Melendez
J.S.C.