Lubart v Sea Crest Acquisition I, LLC (2025 NY Slip Op 01796)

Lubart v Sea Crest Acquisition I, LLC

2025 NY Slip Op 01796

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-03118
 (Index No. 518722/22)

[*1]Elizabeth M. Lubart, etc., respondent, 
v
Sea Crest Acquisition I, LLC, etc., et al., appellants, et al., defendant.

Lewis Johs Avallone Aviles, LLP, Islandia, NY (Amy E. Bedell of counsel), for appellants.
Sinel & Olesen, PLLC (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for wrongful death, the defendants Sea Crest Acquisition I, LLC, and Sea Crest Nursing and Rehabilitation Center appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated February 24, 2023. The order denied the motion of those defendants pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendants Sea Crest Acquisition I, LLC, and Sea Crest Nursing and Rehabilitation Center pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Nassau County, all papers filed in this action and certified copies of all minutes and entries (see id. § 511[d]).
In August 2022, the plaintiff, personally and as administrator of the estate of Alan Lubart (hereinafter the decedent), commenced this action in the Supreme Court, Kings County, against the defendants Sea Crest Acquisition I, LLC, and Sea Crest Nursing and Rehabilitation Center (hereinafter together the defendants), and another entity, inter alia, to recover damages for wrongful death, alleging medical malpractice, violation of Public Health Law § 2801-d, and related claims arising out of the death of the decedent while a resident at the defendants' facility. The defendants answered and thereafter moved pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County. The plaintiff opposed. In an order dated February 24, 2023, the Supreme Court denied the motion. The defendants appeal. We reverse.
"'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day
in court'" (Stravalle v Land Cargo, Inc., 39 AD3d 735, 736, quoting LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395). Here, in support of their motion, the defendants submitted, inter [*2]alia, an admission agreement dated April 30, 2019 (hereinafter the agreement), which the defendants contended was entered into and signed electronically by the decedent and the defendants. The agreement contains a forum selection clause which provides, in relevant part, that "litigation arising hereunder shall be submitted to the exclusive jurisdiction of the state courts in the County of Nassau." The agreement also provides that it "shall be binding on the parties, their heirs, administrators, distributees, successors and assignees."
In opposition to the defendants' prima facie showing of the agreement between the decedent and the defendants, which includes a forum selection clause binding on the decedent's administrator, the plaintiff was required to show that enforcement of the forum selection clause would be unreasonable, unjust, or in contravention of public policy, or would, for all practical purposes, deprive her of her day in court, or that the forum selection clause was the result of fraud or overreaching (see Puleo v Shore View Ctr. for Rehablitation & Health Care, 132 AD3d 651, 653; Casale v Sheepshead Nursing & Rehabilitation Ctr., 131 AD3d 436, 437). The plaintiff failed to do so.
The plaintiff's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court should have granted the defendants' motion pursuant to CPLR 501, 510, and 511 to change the venue of the action from Kings County to Nassau County.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court